IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2005 NOV -2 A 10: 23
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA.

| | |
|---|---|
| PATRICK BAILEY, | * |
| Plaintiff, | * |
| v. | * Case No. 2:05cv1061-F |
| | * Plaintiff Demands Jury Trial |
| MILTOPE CORPORATION, | * |
| Defendants. | * |

## COMPLAINT

### NATURE OF THE CASE

1. In this action, Patrick Bailey, a former employee of Miltope Corporation (herein Miltope), challenges as unlawful Miltope's refusal to grant him family leave to care for his father and the subsequent termination of his employment resulting from his absence to care for his father. Claims are brought under the Family and Medical Leave Act of 1993 (FMLA).

### JURISDICTION AND VENUE

2. Jurisdiction lies in this Court pursuant to 28 U.S.C. § 1331, as this case arises under a law of the United States, namely the Family and Medical Leave Act, 29 U.S.C. §§ 2601 et seq.

3. Venue is proper in this Court as Defendant is incorporated and located in Montgomery County, Alabama, which is in the Middle District of Alabama.

### PARTIES

4. Plaintiff Patrick Bailey is a male citizen of the United States, who was formerly employed by Miltope Corporation. Plaintiff is a resident of Alexander City, Alabama. Plaintiff is a person within the meaning of the Constitutions of Alabama and the United States, and at all

times pertinent to this action Plaintiff was an employee eligible for leave under the FMLA. Plaintiff has been injured by Defendant's acts and omissions as set forth below.

5. Defendant Miltope Corporation is a corporation doing business in and incorporated under the laws of Alabama. Specifically, Defendant is incorporated in Montgomery County. Furthermore, Defendant is an employer within the meaning of FMLA.

## FACTS GIVING RISE TO THIS ACTION

6. Plaintiff was employed by Miltope Corporation from February 2001 until November 4, 2003. Plaintiff was dismissed from his employment by Miltope in or about November 4, 2003 because of excessive absences after he had requested FMLA.

7. Plaintiff notified Defendant in October 2003 that it may become necessary for him to take FMLA leave to care for his father who was diagnosed as being terminally ill. Plaintiff was told by an employee of Miltope in the personnel department that he was eligible for FMLA leave to care for his ailing father and was given the requisite forms to complete.

8. Plaintiff completed the forms and while out of work for an emergency dealing with his father's health asked his supervisor to turn in the FMLA forms for him. Plaintiff called his direct supervisor, told him where the completed forms were located in his office, and asked him to return the completed forms to the personnel department as he was now sure he needed the leave to care for his father.

9. Previous to this conversation, the Vice President of Administration discouraged Plaintiff from taking any leave under the FMLA. Any such discouragement is a direct violation of the FMLA. 29 C.F.R. § 825.220(b).

10. The supervisor's compliance in returning the completed forms to the personnel office is confirmed by the supervisor's later request for certification or a "letter" from his father's physician.

11. Defendant then requested medical certification to support Plaintiff's request for leave. Defendant did not provide written notification that medical certification was required, nor did Defendant give Plaintiff a timeframe within which to return the certification, as required by the FMLA. Despite these inadequacies on the part of the Defendant, Plaintiff provided medical certification on November 13, 2003, and November 5, 2003.

12. After Defendant received the medical certification supporting Plaintiff's need for leave to care for his father, Miltope Corporation terminated Plaintiff's employment.

## CAUSE OF ACTION
## (VIOLATION OF FMLA)

13. Plaintiff hereby adopts those statements contained in the previous paragraphs and incorporates them herein as though set out in their entirety.

14. By terminating Plaintiff's employment after Plaintiff requested leave under the FMLA and Plaintiff provided the requested medical certification, Defendant did not afford Plaintiff protected leave to care for his father in violation of the FMLA, 29 U.S.C. §§ 2601, et seq. Further, Defendant discouraged the Plaintiff from taking any leave under FMLA in violation of 29 C.F.R. § 825.220(b).

15. As direct and proximate results of Defendant's denial of FMLA leave, Plaintiff was caused to lose his employment with Defendant; he suffered severe financial loss; he suffered unnecessary stress while having to care for his father; and care for his daughter was compromised as he lost his only source of income; and is now incurring the expense of pursuing this litigation.

## PRAYER FOR RELIEF

16. WHEREFORE, as relief for the cause of action set forth in this Complaint, Plaintiff prays that this Court:

   a. Reinstate Plaintiff's employment, if appropriate;

   b. Award Plaintiff any and all lost wages and benefits, plus interest;

   c. Award Plaintiff attorney's fees for bringing this action;

   d. Award Plaintiff any expert witness fees that may be incurred during this litigation;

   e. Award Plaintiff any other costs associated with this litigation;

   f. Award Plaintiff any other and further relief as the Court may deem just.

## JURY DEMAND

Plaintiff hereby demands a jury trial on all issues triable of right by jury.

Dated this the ___1___ day of __Nov._____, 2005.

_____
Derrick Blythe (BLY005) ASB-8223-B58B
Attorney for Plaintiff
126 Marshall Street
Alexander City, Alabama 35010
(256) 234-4101