**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | |
|---|---|
| **PATRICK BAILEY,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 2:05-CV-1061-MEF-DRB |
| v. ) | |
| ) | |
| **MILTOPE CORPORATION,** ) | |
| ) | |
| Defendant. ) | |

## ANSWER

Defendant Miltope Corporation ("Miltope") answers the Plaintiff's Complaint as follows:

1. Admitted that the Plaintiff is a former employee of Miltope and that he brings the claims described in Paragraph 1. Except as explicitly admitted, the allegations of Paragraph 1 are denied. Miltope specifically denies that it violated the Family and Medical Leave Act ("FMLA") or any other law.

2. Paragraph 2 is jurisdictional only and requires no response.

3. Admitted that venue is proper.

4. Admitted that the Plaintiff is a male citizen of the United States, that he is a resident of Alexander City, Alabama, that he was formerly employed by Miltope and that he is a person within the meaning of the Alabama and United States Constitutions. Except as explicitly admitted, the allegations of Paragraph 4 are denied.

5. Admitted that Miltope is incorporated and does business in Alabama and is an employer within the meaning of the FMLA. Except as explicitly admitted, the allegations of Paragraph 5 are denied.

6.  Admitted that the Plaintiff's employment with Miltope was terminated effective November 11, 2003 after he failed to report to work without excuse or notice for more than three days. Except as explicitly admitted, the allegations of Paragraph 6 are denied.

7.  Admitted that the Plaintiff informed a benefits department employee in approximately September 2003 that he might need a leave of absence in the future, and that the Plaintiff was given FMLA paperwork. Except as explicitly admitted, the allegations of Paragraph 7 are denied.

8.  Miltope lacks knowledge and information sufficient to form a belief as to the truth of the Plaintiff's allegation that he filled out FMLA forms and, therefore, denies the same. Miltope denies the remaining allegations of Paragraph 8.

9.  Denied.

10. Admitted that the Plaintiff was requested to provide medical certification of any alleged need for leave. Except as explicitly admitted, the allegations of Paragraph 10 are denied.

11. Admitted that the Plaintiff was requested to provide medical certification of any alleged need for leave. Except as explicitly admitted, the allegations of Paragraph 11 are denied.

12. Denied.

13. Miltope incorporates by reference its responses to Paragraphs 1-12.

14. Denied.

15. Denied.

16. Miltope denies that the Plaintiff is entitled to the relief requested in his prayer for relief or to any other relief.

In further defense, Miltope avers:

### FIRST DEFENSE

The Plaintiff's Complaint fails, in whole or in part, to state a claim on which relief may be granted.

### SECOND DEFENSE

The leave allegedly requested by the Plaintiff did not qualify as FMLA leave.

### THIRD DEFENSE

The Plaintiff failed to provide adequate notice of the need to take FMLA leave.

### FOURTH DEFENSE

The Plaintiff's father did not have a serious health condition within the meaning of the FMLA.

### FIFTH DEFENSE

The Plaintiff failed to provide requested medical certification of the need for FMLA leave.

### SIXTH DEFENSE

The Plaintiff was not entitled to reinstatement under the FMLA.

### SEVENTH DEFENSE

Any action or omission by Miltope giving rise to a claim under the FMLA was not willful but was made in good faith with a reasonable belief that the action or omission did not violate the FMLA.

### EIGHTH DEFENSE

All employment decisions and actions taken concerning the Plaintiff were motivated by legitimate, non-discriminatory reasons that were not pretextual.

**NINTH DEFENSE**

Even if any decision or action was based on an unlawful motive, the same employment decision and action would have been taken concerning the Plaintiff regardless of any allegedly unlawful motive.

**TENTH DEFENSE**

The Plaintiff's claims are barred to the extent that he failed to mitigate his alleged damages, if any.

**ELEVENTH DEFENSE**

The Plaintiff's claims for equitable relief are barred by his "unclean hands."

**TWELFTH DEFENSE**

The Plaintiff's claim, in whole or in part, is barred by the doctrine of estoppel.

**THIRTEENTH DEFENSE**

The Plaintiff's claim, in whole or in part, is barred by the applicable statute of limitations.

s/David W. Proctor  
David W. Proctor (ASB-3254-P74D)  
E-mail: dwp@jbpp.com  

s/Jennifer F. Swain  
Jennifer F. Swain (ASB-7761-I67J)  
E-mail: jfs@jbpp.com  

Attorneys for Defendant  
Miltope Corporation

OF COUNSEL:

**JOHNSTON BARTON PROCTOR & POWELL LLP**
2900 AmSouth/Harbert Plaza
1901 6th Avenue North
Birmingham, Alabama 35203-2618
Telephone: (205) 458-9400
Facsimile: (205) 458-9500

## CERTIFICATE OF SERVICE

I hereby certify the above and foregoing has been served on the following counsel of record via United States Mail, postage prepaid, and via the Court's CM/ECF Electronic Filing System on this the 28th day of November, 2005:

Derrick Blythe, Esq.
126 Marshall Street
Alexander City, Alabama 35010

                                                     s/Jennifer F. Swain
                                                     Jennifer F. Swain