# EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| PATRICK BAILEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.: 2:05-cv-1061-MEF-DRB |
| | ) | |
| MILTOPE CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

### DECLARATION OF EDWARD F. CROWELL
### PURSUANT TO 28 U.S.C. § 1746

1. My name is Edward F. Crowell. I am over 21 years of age and of sound mind. I am competent to give this Declaration, and I have personal knowledge of the facts herein.

2. I am employed by the defendant, Miltope Corporation ("Miltope"), as the Vice President of Administration. My responsibilities in this position are various, including but not limited to hiring employees, developing and enforcing personnel policies, approving FMLA leave requests, and terminating employees.

3. I hired the plaintiff, Patrick Bailey, each of the two times Mr. Bailey was employed at Miltope.

4. Based on the absenteeism policy attached hereto as exhibit A, I notified Mr. Bailey by letter dated November 12, 2003, that he was considered to

1

have abandoned his employment after he failed to provide acceptable notice for his absences for three consecutive days. The letter I sent Mr. Bailey is attached hereto as exhibit B.

5. Prior to sending the letter that is exhibit B, I asked two employees in Mr. Bailey's chain of command, Gabriel Riesco and Brian Burkhead, to locate Mr. Bailey so that we could talk with him about his absenteeism. One such attempt is documented in an email produced during this litigation. The email, directed to Mr. Bailey by Mr. Riesco, was made and kept in the ordinary course of business and is bates stamped Bailey v. Miltope Corporation M#00149, attached hereto as exhibit C. Pursuant to the absenteeism policy, based on my understanding that Mr. Bailey was unresponsive to attempts such as the one documented in exhibit C, I signed and sent to Mr. Bailey the notification of the separation of his employment.

6. As I explained to the hearing officer concerning Mr. Bailey's pursuit of unemployment compensation benefits, Mr. Bailey received a copy of Miltope's handbook and was well aware of the requirements concerning absenteeism and leave. FMLA paperwork was given to Mr. Bailey by Miltope's Benefits Manager, Dee Colter, but I have no knowledge whether Mr. Bailey in fact completed paperwork to apply for FMLA leave. Completed paperwork was never provided to me, Ms. Colter, or to any other employee to my knowledge. I explained these details to the hearing officer by letter, which is bates stamped Bailey v. Miltope

Corporation M#00120. That letter, made and kept in the ordinary course of business and attached hereto as exhibit D, states Miltope's reasons for opposing Mr. Bailey's request for unemployment benefits.

7. I heard Mr. Bailey testify at his deposition on September 8 that he completed the paperwork and left it in his cubicle; however, when Mr. Bailey's cubicle and desk were cleaned out so that his belongings could be returned to him, no paperwork was located.

8. At no time did Mr. Bailey contact me concerning the separation of his employment. At no time did I or anyone else at Miltope, to my knowledge, ever receive a letter or other certification from a physician concerning Mr. Bailey's father's illness. Had that documentation been received, I could have evaluated his employment status, obtained any necessary information for consideration of approval of leave, and, if the circumstances reflected that Mr. Bailey was entitled to FMLA leave, he most certainly would have received it.

9. Mr. Bailey's job was held open until December 15, 2003.

I declare under penalty of perjury that the above and foregoing three page declaration is true and correct. Executed this 11 day of October, 2006.

*Edward F. Crowell*

# EDWARD F. CROWELL DECLARATION

# EXHIBIT A

**EMPLOYEE HANDBOOK**

If you are authorized to work in this country for a limited period of time, before the expiration of that period you will be required to submit proof of your employment authorization and sign another Form I-9 in order to remain employed by the Company.

Miltope will not discriminate based upon national origin or citizenship.

## WORKING TIME

Normal working hours at Miltope Corporation are 8:00 am to noon and 1:00 pm to 5:00 pm, Monday through Friday, with the exception of the Production staff. Normal working hours for the Production staff are from 7:00 am through 3:30 pm. However, an employee may choose to flex his or her work schedule. Flextime is allowed at the discretion of the supervisor. Most of what we do requires being available to and working with clients and others who also work a standard workday.

Each employee is important to the success of Miltope. It is very important to be available and responsive to those trying to contact us. If it is necessary to leave work for personal reasons, or if you choose to leave because of inclement weather conditions or building utility failure, with supervisor approval, you may be able to work additional hours within the work week or charge the time to vacation. If it is available, you should record a message in voice mail when you are not in the office during normal working hours. Unauthorized absences and chronic absences and tardiness are cause for dismissal. In all cases, time is to be reported on time sheets each day as it is worked for accounting purposes. A normal workweek begins on Monday and ends on Sunday.

Regular time for full-time hourly employees is defined as 8 hours per day for the 5-day week.

Some Operations functions are around the clock and are therefore staffed in shifts that respond to work needs.

Breaks are limited to one 15-minute break in the morning and one 10-minute break in the afternoon. Various recreational and outside activities associated with the company will normally be carried on outside the regular working day.

## ABSENCE/TARDINESS

Getting to work regularly and on time is an essential part of your job and a requirement for continued employment. Any absence or tardiness becomes a part of your performance record at Miltope and your attendance is a factor considered in granting wage increases and promotions.

Reporting to work on time means that you arrive at the facility with sufficient time to be at your assigned work post at the scheduled hour. By the same token, you are not to leave your assigned area except for approved reasons until your scheduled employment day is completed. You should notify your supervisor when you know you may be late for work or absent from work.



3

**EMPLOYEE HANDBOOK**

When illness keeps you at home or when you are absent for some other reason, call your supervisor between 8:00 am and 9:00 am. This notification does not excuse the absence but simply notifies your supervisor that a schedule change may be necessary. If your supervisor is unavailable, you must notify the Human Resources Office. Telephone numbers are as follows:

| | |
|---|---|
| Hope Hull | (334) 284-8665 |
| Colorado | (303) 473-0388 |

If you are unable to call, have someone else call for you. Failure to report may result in disciplinary action up to and including termination of employment. If you are absent for three consecutive workdays without providing acceptable notice, you may be considered to have "resigned without notice" and removed from the payroll.

**TIME SHEETS**

The time sheet is an essential part of the company's accounting system. It reflects each employee's work and, because of this, each employee is responsible for filling out a time sheet completely and accurately and submitting it through proper channels to the Payroll Department on cutoff day no later than 10:00 am. All time sheets are to be prepared using a PC computer or a ballpoint or ink pen. Time sheets are considered official employment documents and are subject to periodic audit by the Federal and State Governments. Each must be signed by the employee.

Our time charging policy includes the following:

- Time is to be entered daily on the time sheet or in a diary. Do not wait until cutoff to record your time.
- Record hours actually worked each day. Do not try to "equalize" hours during a week or on any other basis.
- Always record hours worked against the Manufacturing Order number for which the work was performed, whether it can be billed or not.

Time recording is also required for the purpose of determining what elapsed labor time has been spent on different jobs. Certain contracts require this information for billing purpose and the cost department requires it for price estimating. Accurate time recording means accurate pricing, correct payroll, and more potential profits for all of us to share.

**ABOUT YOUR PAY**

As a Miltope employee, you will receive a check every other Friday for the hours you worked during the previous two-week period, Monday through Sunday.

Every other Friday you will receive a payroll voucher indicating your gross earnings, deductions and net pay, if you have elected direct deposit. Otherwise you will receive a live payroll check. Please note that direct deposit is available and encouraged by all employees. However, it is the employee's choice.

If you should have questions at any time concerning your pay, notify your supervisor immediately. Your supervisor will contact the Payroll Department to see that the matter is resolved.

4

# EDWARD F. CROWELL DECLARATION

# EXHIBIT B



November 12, 2003

Mr. Patrick Bailey

Jackson's Gap, AL 36861

Dear Patrick:

This letter will serve to notify you that your employment at Miltope has been terminated effective November 11, 2003. As stated in our policy "absence/tardiness" in the employee handbook, if you are absent for three consecutive workdays without providing acceptable notice, you may be considered to have "resigned without notice" and removed from the payroll. Your actions meet this requirement of having voluntarily resigned.

Please contact me at (334) 613-6542 to make arrangements to return the company's laptop and any other Miltope property in your possession.

Sincerely,

Edward F. Crowell
Vice President – Administration



Bailey v. Miltope Corporation
M#00054

3800 Richardson Road South • Hope Hull, AL 36043 • Telephone: 334-284-8665 • Fax: 334-613-6591

# EDWARD F. CROWELL DECLARATION

# EXHIBIT C

## Darrell Cook

**From:** Gabriel Riesco
**Sent:** Tuesday, November 11, 2003 2:09 PM
**To:** Pat Bailey
**Subject:** CALL ME

Pat,

You need to call me or Brian ASAP!
Gabe

Bailey v. Miltope Corporation
M#00149

# EDWARD F. CROWELL DECLARATION

# EXHIBIT D


**MILTOPE**
CORPORATION

January 30, 2004

Ms. Janie W. Wade
Adm. Hearing Officer
Alabama Career Center
260 Church Street
Alex City, AL

Via: Facsimile – 256-329-9591

| Post-it® Fax Note 7671 | Date 2/2/04 | # of pages ▶ 11 |
|---|---|---|
| To Ms. Janie Wade | From Edward Crowell | |
| Co./Dept. Adm Hearing office | Co. Miltope Corp. | |
| Phone # | Phone # 334-613-6542 | |
| Fax # 256-329-9591 | Fax # | |

Re:   Case No: 18357AT03
      Claimant: Patrick R. Bailey

Dear Ms. Wade:

This letter is to inform you that business conditions do not permit our company, Miltope Corporation, to be present at the unemployment compensation hearing of Patrick A. Bailey on February 3, 2004, but we would like our voice to be heard.

On December 2, 2003 we forwarded information to Ms. Judy Pierce, regarding Mr. Bailey's termination. Attached is that correspondence.

Mr. Bailey was given a copy of our employee handbook and signed for the same. Mr. Bailey was aware of the requirements regarding absenteeism as outlined in our employee handbook. Mr. Bailey did not follow policy and procedures in regards to contacting his supervisor in the time frame as stated in policy regarding his absenteeism. Mr. Bailey was given FMLA paperwork to complete, by our Benefits Manager, approximately three weeks prior to his taking time off and was advised that the paperwork would need to be completed, returned and approved by me, prior to his leave. This paperwork was never returned. Mr. Bailey never made contact with me or his supervisor to make arrangements for his leave, nor did he try and contact me after a termination letter was mailed to him to discuss his termination. Mr. Bailey was advised by his supervisor to provide Miltope with a physicians certificate stating that he was needed at home, to no avail. Mr. Bailey was aware of what was required of him and failed to provide Miltope with any documentation regarding his need for leave.

We at Miltope, view very seriously the needs of each of our employees. When policy is followed, we make every effort to accommodate our employees' needs. Please be advised that we protest any ruling in favor of awarding Mr. Bailey unemployment benefits.

Please feel free to contact me at (334) 613-6542. Again, I regret I cannot attend the hearing, but conditions do no permit.

Thank you for your consideration.

Sincerely,

*Edward Crowell*

Edward F. Crowell
Vice President, Administration

Bailey v. Miltope Corporation
M#00120

3800 Richardson Road South • Hope Hull, AL 36043 • Telephone: 334-284-8665 • Fax: 334-613-6591