IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED

2006 OCT 27  P 4:30

| | |
|---|---|
| PATRICK BAILEY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CASE NO. 2:05-cv-1061-MEF |
| MILTOPE CORPORATION, | ) ) ) |
| Defendant. | ) |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

COMES NOW Patrick Bailey, Plaintiff in the above-styled cause, and files his Response in Opposition to Defendant's Motion for Summary Judgment. The Defendant's Motion for Summary Judgment is due to be denied. As grounds for so moving, Plaintiff sets down and assigns the following:

## INTRODUCTION

The Plaintiff, Patrick Bailey, a former employee of Miltope Corporation (hereinafter "Defendant"), brought the instant case under the Family and Medical Leave Act of 1993 ("FMLA"), following the Defendant's unlawful refusal to grant him family leave to care for his father and subsequent termination of his employment resulting from his absence to care for his father. (Plaintiff's Complaint, p. 1, ¶ 1).

Plaintiff was employed by Miltope Corporation from February 2001 until November 4, 2003.[1] Plaintiff was terminated from his employment by Defendant in or about November 4,

---

[1] Plaintiff was previously employed by Defendant in 1996. (Bailey Depo. p. 11, ll.20-22) Plaintiff was given a handbook when he was previously employed by the Defendant, which contained the Defendant's policies and procedures regarding absenteeism. (Bailey Depo., p. 170, ll.22-23; p. 169, ll.22-23; p. 171, ll.1-3). Plaintiff was not provided with a copy of the handbook, nor did he sign a statement that he had received the same, when he began his employment with the Defendant in February 2001.

2003 allegedly due to excessive absences, which occurred after his request for FMLA. Plaintiff's Complaint, p. 2, ¶ 6; Deposition of Patrick Bailey dated September 29, 2006, (hereinafter referred to as "Bailey Depo.") p. 272, ll.6-18, attached hereto as Exhibit A). Plaintiff notified Defendant in October 2003 that it may become necessary for him to take FMLA leave to care for his father who was diagnosed as being terminally ill. Plaintiff was told by an employee of Miltope in the personnel department that he was eligible for FMLA leave to care for his ailing father and was given the requisite forms to complete. Plaintiff's Complaint, p. 2, ¶ 7; Bailey Depo., p. 278, ll.13-15).

Plaintiff completed the requisite forms for FMLA and while out of work for an emergency dealing with his father's health, asked his immediate supervisor to turn in the FMLA forms for him. Plaintiff called his direct supervisor and told him where the completed forms were located in his office, and asked him to return the completed forms to the personnel department because he would need to invoke his right to FMLA immediately due to the health of his father. (Plaintiff's Complaint, p. 2, ¶ 8; Bailey Depo. p. 274, ll.21-23). Plaintiff did not previously turn in the requisite forms due to his conversation with the Vice President of Administration, in which the Vice President of Administration discouraged him from doing so. (Plaintiff's Complaint, p. 2, ¶ 9; Bailey Depo, p. 235, ll. 14-23; p. 236, ll.1-23; p. 237, ll.1-15).

Although the Defendant alleges not to have receive the requisite forms for FMLA, a request for certification or "letter" from Plaintiff's Father's physician was requested, and subsequently provided. (Plaintiff's Complaint, p. 2, ¶ 10; Bailey Depo., p. 245, ll.12-23; p. 246, ll.1-19). Defendant also requested medical certification from the Plaintiff to support his request for leave. Defendant did not provide written notification that medical certification was required, nor did Defendant give Plaintiff a timeframe within which to return the certification, which is

required by the FMLA. Despite the Defendant's deficiencies with regard to policy and procedure for FMLA leave, the Plaintiff provided medical certification on November 5, 2003 and November 13, 2003. (Id.). Upon receipt of the requested medical certification from Plaintiff in support of his need for leave to care for his father, Defendant terminated Plaintiff's employment. (Bailey Depo. p. 245, ll.10-20).

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

"[I]f the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party," summary judgment is inappropriate. *Barfield v. Brierton,* 883 F.2d 923, 933 (11th Cir.1989); *Livernois v. Medical Disposables, Inc.,* 837 F.2d 1018, 1021-22 (11th Cir.1988). "[T]he substantive law will identify which facts are material"; the district court "must view the evidence presented through the prism of the substantive evidentiary burden." *Id.* at 248, 254, 106 S.Ct. at 2513. The court must view all evidence most favorably toward the nonmoving party, and all justifiable inferences are to be drawn in the nonmoving party's favor. *Id.* at 255, 106 S.Ct. at 2513-14; *Bannum,* 901 F.2d at 996; *Livernois,* 837 F.2d at 1022. If, so viewed, reasonable jurors could find a verdict for the nonmoving party under the substantive evidentiary standard, the nonmoving party can defeat summary judgment. *Anderson,* 477 U.S. at 252, 106 S.Ct. at 2512; *Cable/Home Communication*

*v. Network Productions,* 902 F.2d 829, 841 (11th Cir.1990); *Carlin Communication, Inc. v. Southern Bell Tel. & Tel.,* 802 F.2d 1352, 1356 (11th Cir.1986).

## ARGUMENT

### I.   PLAINTIFF'S FMLA CLAIMS ARE NOT COLLATERALLY ESTOPPED.

To invoke collateral estoppel or issue preclusion properly, Defendant must show three prerequisites:

> (1) the issue at stake must be identical to the one alleged in the prior litigation; (2) the issue must have been actually litigated in the prior litigation; and (3) the determination of the issue in the prior litigation must have been a critical and necessary part of the judgment in that earlier action. In addition, the party against whom the earlier decision is asserted must have had a full and fair opportunity to litigate the issue in the earlier proceeding.

*Nobles v. Rural Cmty. Ins. Servs.,* 303 F.Supp.2d 1292 (M.D.Ala.2004) (Thompson, J.), *aff'd,* 2004 WL 2155796, 116 Fed.Appx. 253 (11th Cir.2004).

Defendant relies on several Middle District of Alabama cases in support of its contention that the Plaintiff's "FMLA" claims are collaterally estopped because of the Alabama Department of Industrial Relations determination that the Plaintiff voluntarily left his employment with Defendant and disqualifying him for unemployment compensation benefits. (Defendant's Brief in Support of Motion for Summary Judgment, pp. 13-14). The cases cited by Defendant are distinguishable from the instant matter because of the nature of the matter to be determined by the Department of Industrial Relations and the District Court.

In the cases cited by Defendant, the Department of Industrial Relations determination was based on the same issues as was to be litigated in the District Courts. In the instant case however, the Department of Industrial Relations only determined that the Plaintiff was not entitled to unemployment compensation due to the nature of his separation from employment, and here the issue is whether the Defendant interfered with the Plaintiff's right to leave based on

the "FMLA." (See Decision of Unemployment Compensation Claim, dated February 11, 2004, attached hereto as Exhibit B).

Further, as stated above, the Defendant must show that "the issue at stake must be identical to the one alleged in the prior litigation." *Nobles*, 303 F. Supp. 2d 1292. The issue in the instant case is whether the Defendant afforded the Plaintiff protected leave to care for his father in violation of the FMLA, 29 U.S.C. §§ 2601, et seq., and the issue before the Department of Industrial Relations was whether the Plaintiff was entitled to unemployment compensation. The Department of Industrial Relations' determination that the Plaintiff was not entitled to unemployment compensation is the same issue at stake in the instant case.

Second, the Defendant must show that "the issue must have been actually litigated in the prior litigation." *Nobles*, 303 F. Supp. 2d 1292. Even if this Court determines the issues in the instant case to be identical as the one at stake in the Department of Industrial Relations matter, the Plaintiff is still not collaterally estopped from asserting a claim against the Defendant for violations of the "FMLA." The issue was not actually litigated in the Department of Industrial Relations hearing. In fact, the Defendant did not even show up for the hearing, rather they sent a letter to the Department of Industrial Relations in their place. (See Letter from Defendant to Department of Industrial Relations, attached hereto as Exhibit C). As such, without the benefit of the presence of all the parties in interest, the Plaintiff's determination hearing regarding his eligibility for unemployment compensation, was not actually litigated for the purposes of invoking collateral estoppel.

Additionally, the Defendant must prove that "the determination of the issue in the prior litigation must have been a critical and necessary part of the judgment in that earlier action . . . [and that] . . . the party against whom the earlier decision is asserted must have had a full and fair

5

opportunity to litigate the issue in the earlier proceeding." *Nobles*, 303 F. Supp. 2d 1292. Even if this Court finds that the Department of Industrial Relations made a determination regarding the Defendant's interference with the Plaintiff's right to leave according to the "FMLA," such a determination would not have been a critical and necessary part of the judgment (regarding the Plaintiff's eligibility for unemployment compensation). Further, the Defendant not appearing at the hearing regarding Plaintiff's unemployment compensation rights, did not afford the Plaintiff a full and fair opportunity to litigate the issue.

The Defendant has not met the requirements for invoking collateral estoppel in the instant case:

> 1) the issue at stake must be identical to the one alleged in the prior litigation; (2) the issue must have been actually litigated in the prior litigation; and (3) the determination of the issue in the prior litigation must have been a critical and necessary part of the judgment in that earlier action. In addition, the party against whom the earlier decision is asserted must have had a full and fair opportunity to litigate the issue in the earlier proceeding.

*Nobles*, 303 F. Supp. 2d 1292. Therefore, the Plaintiff's "FMLA" claims are not barred by collateral estoppel.

In addition, the Plaintiff appealed the initial decision of the Department of Industrial Relations, and his right to appeal was denied. (See Disallowance of Application for Leave to Appeal to the Board of Appeals, dated March 12, 2004, attached hereto as Exhibit D.)

## II. PLAINTIFF HAS ALLEGED FACTS SUFFICIENT TO ESTABLISH A VIOLATION OF THE FMLA AND THEREFORE SURVIVE SUMMARY JUDGMENT.

According to the Eleventh Circuit, a Plaintiff must prove three elements in order to state a claim under the FMLA:

> 1) [the employee] availed himself of a protected right under the FMLA; 2) [the employee] suffered an adverse employment decision; and 3) there is a causal connection between the protected activity and the adverse employment decision.

6

*Parris v. Miami Herald Publishing Company*, 216 F.3d 1298 (11th Cir. 2000) (citing *Earl v. Mervyn's Inc.*, 207 F.3d 1367 (11th Cir. 2000). The Plaintiff has satisfied the *Parris* test. The Plaintiff availed himself to a protected right under FMLA, the Act provides leave to care for a parent, which is the Plaintiff's reason for requesting leave under FLMA. The Plaintiff has also suffered an adverse employment decision when he was terminated from his position at Miltope, and there is causal connection between the protected activity (missing work to care for his father) and the adverse decision (termination). As such, the Plaintiff has satisfied the elements necessary to state a claim under the FMLA.

### A.  Plaintiff provided reasonable notice concerning the foreseeable leave he required.

According to 29 C.F.R. § 825.302 (c):

> An employee shall provide at least verbal notice sufficient to make the employer aware that the employee needs FMLA-qualifying leave, and the anticipated timing and duration of the leave. The employee need not expressly assert rights under the FMLA or even mention the FMLA, but may only state that leave is needed . . . .

Therefore, an employee is required to give at least 30 days notice to an employer when FMLA leave is foreseeable. If the leave is not foreseeable, then notice must be given as soon as practicable. As soon as practicable means at least verbal notification to the employer "within one or two business days of when the need for leave becomes known to the employee." 29 C.F.R. § 825.302(b).

In September or October 2003, Plaintiff communicated with an employee in the human resources department, Dee Colter, about obtaining the paperwork for leave under FMLA due to

his father's condition[2], and she provided it to him. (Bailey Depo. p. 163, ll.10-21). Plaintiff completed the paperwork on or about October 27, 2003. (Bailey Depo. p. 164, ll.9-13; p. 168, ll.17-18). Plaintiff completed the forms and asked his supervisor to turn them in for him. (Plaintiff's Complaint, p. 2, ¶ 8; Bailey Depo. p. 274, ll.21-23).

Plaintiff's requested a FMLA leave of absence related to his father's illness in October 2003. (February 11, 2004 Decision on Unemployment Compensation Claim, attached hereto as Exhibit B). According to C.F.R. § 825.302(c), this was sufficient notice by Plaintiff that leave was needed. Although Plaintiff was unable to provide 30 days notice, he provided notice as soon as practicable, which is all that is required of him. Therefore, Plaintiff provided notice concerning the foreseeable leave he required.

Plaintiff also provided certification for his leave. Defendant requested the Plaintiff to provide certification for his leave -- the same leave that Defendant asserts it did not receive a request for. Upon receipt of the request for certification, Plaintiff contacted his father's treating physician and obtained a letter indicating his father's diagnosis of a terminal illness and deteriorating health. (See Letter from Plaintiff's Father's Physician to Defendant, attached hereto as Exhibit E).

If it is not possible for the employee to provide the certification prior to the date that leave is to begin, "the employee must provide the requested certification to the employer within the time frame requested by the employer (which must allow at least 15 calendar days after the employer's request) . . . ." 29 C.F.R. § 825.305(b). Also, an employer should request medical certification from the employee "at the time the employee gives notice or within two business days thereafter, or, in the case of unforeseen leave, within two business days after the leave

---

[2] It should be noted that although thankfully, the Plaintiff's father was ultimately determined to not have cancer, at the time in which the Plaintiff requested leave, both the physicians treating the Plaintiff's father and the Plaintiff were under the impression that the Plaintiff's father had a terminal illness that carried a short term life expectancy.

8

commences." 29 C.F.R. § 825.305(c). Therefore, an employer may request that an employee provide medical certification to support the need for leave, but the request must be in writing and must advise the employee of any consequences for not providing adequate certification.

**B.    Plaintiff has alleged facts sufficient to establish a prima facie case to be presented to the trier of fact that he was discouraged from taking leave.**

The Plaintiff consulted with the Vice President regarding the then believed prognosis of his father. The Vice President talked to the Plaintiff about his own father's death in a manner that induced guilt on the part of the Plaintiff and discouraged him from taking any leave under the FMLA on that date. (Plaintiff's Complaint, p. 2, ¶ 9; Bailey Depo. p. 235, ll.14-23; p. 236, ll.1-23; p. 237, ll.1-15). Any such discouragement is a direct violation of the FMLA. 29 C.F.R. § 825.220(b). Such interfering with the exercise of an employee's rights would include discouraging the employee from using such leave. 29 C.F.R. § 825.220(b). Therefore, whether or not the employers act rise to the level of interfering with the exercise of the Plaintiff's right is an issue of material fact.

**C.    Plaintiff complied with Miltope's call in procedure.**

The Plaintiff did not receive, nor did he sign, a new employee handbook upon his rehire with Miltope. The Plaintiff did sign and receive an employee handbook during his first employment with Miltope, however, he was not presented with another handbook when he was hired the second time -- the employment period at issue in the present matter.

The Plaintiff did contact his supervisor, Brian Burkhead, regarding submitting the paperwork for his request for leave under FMLA. Whether or not Mr. Burkhead followed through with the Plaintiff's request is not a matter that the Plaintiff could have controlled. The Plaintiff also communicated with various other employees during the time he was not in the office, via telephone and email. As such, the Plaintiff did not fail to communicate with the

9

Defendant while he was out of the office. Therefore, the Plaintiff, working from home rather than his office, did not fail to follow procedure regarding absences from work because he **was** working, just from outside of the office. In fact, the Plaintiff did call in on the days he was not able to work, given this pattern, there is no reason to believe that the Plaintiff simply did not call in and decided not to return. (See Bailey Depo., p. 240, ll.7-20; p. 251, ll.7-20; p. 253, ll.8-18).

Even if this Court finds that the Plaintiff did not communicate his intent to be absent from work, the Plaintiff believed that his leave was already in effect, therefore, communication was not necessary at that time. Since the Plaintiff had already communicated his intent to effectuate his leave under the FMLA, continued communication regarding his absence from work would have been unnecessary.

The Plaintiff complied with the Defendant's policies and procedures regarding calling in in the event of an absence. The days in which the Defendant is saying that the Plaintiff simply did not call in, yet did no arrive for work, the Plaintiff was working outside of the office. In fact, the Plaintiff communicated via email to his superiors on more than one occasion. (See Email Communications, attached hereto as Exhibit F)

### III. PLAINTIFF HAS ALLEGED FACTS SUFFICIENT TO ESTABLISH A GENUINE ISSUE OF MATERIAL FACT.

The Plaintiff has satisfied the elements set forth in the *Parris* case. The Plaintiff availed himself of a protected right under FMLA, the Act provides leave to care for a parent. The Plaintiff suffered an adverse employment decision when he was terminated from his position at Miltope, and there is a causal connection between the protected activity (missing work to care for his father), and the adverse decision (termination). Therefore, the Plaintiff has proved his prima facie case.

The Defendant has not proved any set of facts that mitigate the Plaintiff's case. The Defendant asserts that it is entitled to Summary Judgment because there is not a genuine issue of material fact and that it is entitled to relief as a matter of law, to wit: 1) Plaintiff is collaterally estopped from pursuing his FMLA claims; and 2) the Plaintiff's FMLA claim fails on the merits.

The Plaintiff is not collaterally estopped from pursuing his FMLA claims. The Defendant asserts that the Department of Industrial Relations determination regarding the Plaintiff's eligibility of unemployment compensation estopps the Plaintiff from bringing the instant action. The Department of Industrial Relations determined whether the Plaintiff was eligible for unemployment compensation, not whether he had a right to bring a cause of action for violation of FMLA. The issues are not identical and they were not fully litigated at the Department of Industrial Relations hearing. In fact, not all of the parties were present at the hearing, the Defendant did not attend the hearing, and it only submitted a letter regarding its contention that the Plaintiff was not entitled to receive unemployment benefits. As such, the Defendant has not established that the Defendant was collaterally estopped from asserting the instant action.

In addition, the Plaintiff has sufficiently plead facts to prove a prima facie case of violation of his rights under FMLA. The Plaintiff has satisfied the elements set forth in the Eleventh Circuit's *Parris* case. The Plaintiff availed himself of a protected right under the FMLA. The Plaintiff communicated the nature of his father's health to his supervisors and informed them of his intent to assert his right to take leave under the FMLA. The Plaintiff suffered an adverse employment decision in that he was terminated. Finally, there is a causal connection between the protected activity and the adverse employment decision. Therefore, the

11

Plaintiff has satisfied the requirements to state a claim for relief from interference with his rights under the FMLA.

## CONCLUSION

Based on the foregoing, the Defendant's Motion for Summary Judgment is due to be denied because there exists material facts as issue in the instant matter, Plaintiff's claims are not collaterally estopped, and the Plaintiff has sufficiently plead facts, supported by evidence, that give rise to a cause of action under FMLA. Therefore, Plaintiff respectfully requests that this Honorable Court enter an Order denying Defendant's Motion for Summary Judgment.

DATED this the 27 day of Oct., 2006.

_____
Derrick Blythe
ASB-8223-B58B
126 Marshall Street
Alexander City, Alabama 35010
(256) 234-4101

### Certificate of Service

I hereby certify that I have served a copy of the foregoing document on each of the following by sending a copy of same by first class U.S. Mail, postage prepaid and properly addressed to Johnston, Barton, Proctor & Powell, LLP, Attn.: Heather Lindsay, 1901 Sixth Avenue North, Suite 2900, Birmingham, Alabama 35203 on this the 27 day of Oct., 2006.

_____
Of Counsel