# Exhibit B

# Decision of Unemployment Compensation Claim, dated February 11, 2004

AT-1



# STATE OF ALABAMA
## DEPARTMENT OF INDUSTRIAL RELATIONS
## HEARINGS AND APPEALS DIVISION
## MONTGOMERY, ALABAMA 36130

---

## DECISION ON UNEMPLOYMENT COMPENSATION CLAIM

---

**CLAIMANT**

PATRICK A BAILEY
PO BOX 1805
ALEXANDER CITY AL 35011-1805

**EMPLOYER**

MILTOPE CORPORATION
C/O PAYROLL DEPT
500 RICHARDSON RD S
HOPE HULL AL 36043-4022

**APPELLANT** : CLAIMANT
**LOCATION** : ALEX CITY
**OC NO.** : 00-05

**DATE MAILED** : 2/11/04
**CASE NO.** : 18357-AT-03
**S. S. NO.** : 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
**HEARING DATE** : 2/3/04

**APPEARANCES AT THE HEARING:** Claimant with attorney and employer written statement

**ISSUE(S):** Voluntarily leaving most recent bona fide work without good cause connected with such work. Section 25-4-78(2) Code of Alabama 1975

**FINDINGS:** The claimant appealed an Examiner's determination imposing a disqualification and denying benefits under Section 25-4-78(2) of the Unemployment Compensation Law. The determination was based upon a finding that the claimant left most recent bona fide work with this employer voluntarily and without good cause connected with work.

The claimant worked for the listed employer from February 12, 2001, until November 11, 2003, as a government property administrator. The claimant was considered to have abandoned his job after being absent for more than three consecutive working days without proper notice to or permission from the employer. The claimant last worked on November 3, 2003. He was out on November 4, 2003, with his daughter who was sick. He did notify the employer at that time. The claimant was out again on November 5, 2003, due to his father's illness. The claimant did notify the employer that he was not going to be at work on that date. The claimant had requested a family medical leave of absence related to his father's illness in October 2003, but left the paperwork on his desk and asked his supervisor to turn in the paperwork. However, the claimant did not provide the required medical documentation with the paperwork to justify the request for a family medical leave of absence. That medical documentation was not provided by the claimant until November 13, 2003, the day after the employer sent the claimant a letter of separation, noting that the claimant was considered to have abandoned his job because he had been absent from November 6, 2003, through November 11, 2003, without notice to or permission from the employer. The claimant was never advised his request for a family medical leave of absence had been approved because the medical documentation to justify the family medical leave of absence was not submitted until after the claimant was separated.

**CONCLUSIONS:** Section 25-4-78(2) of the Law required a disqualification if an individual voluntarily leaves his most recent bona fide work without good cause connected with such work. "Good cause" is defined as substantial reason; just ground for such action; adequate excuse that will bear the test of reason; and always the element of good faith. The good cause reason must be work

connected.  The Alabama Department of Industrial Relations Administrative Code defines job abandonment in Rule 480-4-3-.16 as follows:  "If an employee is absent from work without notice, unless it is shown that notice is not reasonably practicable, to his or her employer for a period of three consecutive regularly scheduled working days, and is terminated because of such absence, the employee shall be determined to have abandoned his employment.  A determination of job abandonment shall be subject to a disqualification for unemployment benefits under Code of Alabama 1975, Section 25-4-78(2), voluntarily quit work."  The evidence presented in this case reflects the claimant was absent from scheduled work for more than three consecutive working days without proper notice to or permission from the employer.  Although the claimant had completed paperwork to request a family medical leave of absence, he did not provide the required medical documentation to justify the awarding of a family medical leave of absence until after his termination had occurred. Under these circumstances, the claimant is subject to a disqualification under the provisions of Section 25-4-78(2) of the Law.

**DECISION:**  The Examiner's determination is affirmed.  The claimant remains disqualified under the provisions of Section 25-4-78(2) of the Unemployment Compensation Law.  This disqualification remains in effect until the claimant reenters insured or other acceptable employment as specified in the Law, earns wages in such employment of not less than ten times the weekly benefit amount, and is separated from such employment under nondisqualifying conditions.  The maximum amount of benefits to which the claimant may later become entitled is reduced in accordance with the Examiner's determination.  The employer's experience rating account is relieved of charges for this period of employment.

**APPEAL RIGHTS:**  This decision becomes final unless an application for leave to appeal to the Board of Appeals is received in writing at the Department address above or by fax at 334-242-2084 on or before the **FINAL DATE OF February 26, 2004**.

*Janie W. Wade*

Janie W. Wade
Administrative Hearing Officer

JWW/dk

c: Derrick Blythe, Attorney
   Alexander City, AL 35010