IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| PATRICK BAILEY, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | ) CV: 2:05-cv-1061-MEF |
| | ) |
| MILTOPE CORPORATION, | ) |
| | ) |
|     Defendant. | ) |

### DEFENDANT MILTOPE CORPORATION'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

The plaintiff's opposition brief fails to demonstrate that a genuine issue of material fact exists to defeat Miltope Corporation's motion for summary judgment. Rather, it reveals the plaintiff's preoccupation with the idea that the burden of communication should have remained always on Miltope. The plaintiff admits that he failed to call in pursuant to a policy of which he was well aware. The plaintiff admits that he did not provide at least thirty days' notice of his intention to take leave, the date the leave would start, and the duration of the leave. The plaintiff admits that he cannot prove any medical documentation was ever received by Miltope to substantiate his absenteeism pursuant to company policy. In spite of these admissions, Bailey, contrary to the law and the facts, urges the Court to deny

1

Miltope's well-founded motion for summary judgment. As demonstrated by the evidence, the motion, the brief in support of the motion, and this reply brief, Miltope's motion is due to be granted.

## I.  STATEMENT OF FACTS

Without disagreeing with or questioning the statement of facts submitted by Miltope, the plaintiff has provided his own self-serving summary, unsupported by record citation for the most part, of information that he would like the Court to consider as record evidence. Miltope's statement of the facts is accurate, thoroughly supported by citation, and premised primarily upon the plaintiff's own admissions. Because this Court's order plainly states that unsupported assertions of fact will not be considered without proper evidentiary citation, Miltope understands that such assertions will not be considered as evidence in opposition of the motion for summary judgment. Because some assertions in the plaintiff's opposition are followed by a citation but inaccurately reflect the plaintiff's testimony, Miltope addresses these in turn.

### A.  *The plaintiff was well aware of Miltope's policies.*

The plaintiff's brief includes a footnote in which he disingenuously implies that because he did not sign for a handbook in 2001 at the outset of his second term of employment at Miltope, he was unaware of policies and

procedures at Miltope. (Plaintiff's Opposition Brief, p. 1, n.1.) Bailey admitted that he had received a handbook during his first term of employment. (Evid. Ex. 1, p. 169, ll. 18-20.) He was aware during his second term of employment that the handbook remained in existence and was available to him. (Evid. Ex. 1, p. 170, ll. 5-6, 21-23.) He further understood that he continued to be bound by it. (Evid. Ex. 1, p. 171, ll. 1-3.) These admissions are inconsistent with his suggestion that he did not know the policies at Miltope or that he was bound by them.

### B. *The plaintiff was not told he was eligible for FMLA leave.*

The plaintiff inaccurately suggests he had approval for leave by claiming he was told he was eligible for leave. He relies on some testimony taken out of context to accomplish this sleight of hand. (Evid. Ex. 2, p. 278, ll. 13-15.) In that portion of his deposition, Bailey suggested he had been told by a human resources employee with no managerial authority that he would qualify for leave. Upon follow up questioning, Bailey admitted that he was not sure exactly what the employee told him, and, furthermore, at the time he had not filled out any paperwork nor had the situation been discussed with Ed Crowell. (Evid. Ex. 2, p. 287, ll. 18-23 – p. 288, ll. 1-6.) Clearly, without submitting the necessary paperwork and discussing the

circumstances with the decision-maker, one can not reasonably conclude a leave request is approved. In fact, Bailey admitted that he never knew whether he had approval for the absences that led to Miltope notifying him that he had voluntarily quit his job through his failure to follow the call-in procedure. (Evid. Ex. 2, p. 297, ll. 11-14.)

### C. *The plaintiff was not discouraged from submitting FMLA paperwork.*

The plaintiff has vaguely asserted he was "discouraged" from submitting his paperwork in an effort to allege an interference claim. Rather than provide a specific citation for this assertion, the plaintiff relies on what translates to two full pages of deposition testimony from pages 235-237 of volume 2 of his deposition. He testified that he felt "bad" after meeting with Mr. Crowell and that he questioned himself about what to do next. (Evid. Ex. 2, p. 235, ll. 19-21.) The only specific testimony about any statements purportedly made by Mr. Crowell relate to Mr. Crowell's father's illness and to how valuable an employee Bailey purportedly was. (Evid. Ex. 2, p. 236. ll. 13-18; Evid. Ex. 1, p. 181, ll. 2-5.) Critically, Bailey has not identified any one statement reflecting that Mr. Crowell expressed any negativity towards Bailey about taking time off to care for his father. (Evid. Ex. 1, p. 181, ll. 10-17; Evid. Ex. 1, p. 206, ll. 19-21; p. 208, ll. 4-8.) The only

reasonable inferences to be drawn from this vague testimony are that Mr. Crowell conveyed that Bailey was a valuable employee and that Mr. Crowell had endured a similar life experience to Bailey. This sort of communication is ordinarily viewed as sympathetic and supportive, not discouraging.

> **D.    *The plaintiff was told a letter from the physician was required pursuant to written Miltope policy of which he was well aware.***

At pages 2 and 3 of the plaintiff's opposition brief, he criticizes Miltope for requiring a doctor's letter to substantiate Bailey's absences. This criticism is based on the idea that Miltope had not previously conveyed, in writing, that a doctor's letter would be required for FMLA leave to be approved. This is inconsistent with the record. According to Miltope policy, medical substantiation may be required following three days of consecutive absence, which is exactly what Bailey's supervisor requested on Bailey's third consecutive day of being absent on November 5, 2003. (Evid. Ex. 1, dep. ex. 4 at page bates stamped M#00128; Evid Ex. 1, p. 182, ll. 1-15.)   Additionally, the handbook clearly states that medical substantiation may be required for extended leaves of absence. (Evid. Ex. 1, dep. ex. 4 at page bates stamped M#00129.)

### E. *The plaintiff cannot dispute that Miltope never received the physician's letter or any other substantiating documentation.*

The plaintiff mistakenly asserts that he "provided" the doctor's letter on November 5 and November 13 and cites pages 245, lines 12-23, and 246, lines 1-19 of his testimony. The implication that the letter was given to Miltope directly is patently at odds with the record. Bailey watched someone send it for him via facsimile, but he did not know whether the facsimile was correctly sent to Miltope. (Evid. Ex. 1, p. 246, ll. 10-19.) He admitted that he could not be sure the letter he requested of the doctor was ever received. (Evid. Ex. 1, p. 178, ll. 2-5, 16-18; p. 179, ll. 12-14.)

### F. *Miltope did not terminate the plaintiff's employment upon receipt of medical certification.*

The plaintiff claims that his testimony at page 245, lines 10-20, supports that Miltope received medical certification excusing Bailey's absenteeism prior to sending him notification of his job abandonment. It is accurate that Bailey gave self-serving speculative testimony at that point in his deposition. Nonetheless, he admitted on numerous occasions during his deposition that he could not be sure one way or the other that Miltope received either the forms he claimed he completed or the letter he states was

sent by the doctor to Miltope via facsimile. (Evid. Ex. 1, p. 178, ll. 2-5, 16-18; p. 179, ll. 12-14.) Accordingly, even taking the facts in the light most favorable to the plaintiff, the facts do not support a reasonable inference that any medical documentation was received by Mr. Crowell, the decision-maker, prior to his sending the letter of separation.

### II. ARGUMENT

#### A. *Collateral Estoppel is properly applied here.*

The plaintiff has no real argument to defeat collateral estoppel. He seems to be confusing issue with claim, and therefore collateral estoppel with res judicata. His argument is premised upon the theory that his causes of action in this litigation were not pursued before the DIR. (Plaintiff's Opposition Brief at 4-5.) Miltope's position is simply that Bailey is collaterally estopped from relitigating the reason for his separation, which was the subject of the DIR hearing and fundamental to the DIR's decision to deny Bailey benefits. The reason for the plaintiff's employment separation – that he "was absent from scheduled work for more than three consecutive working days without proper notice to or permission from the employer" – was actually determined through the administrative process and was necessary to the hearing officer's determination of unemployment compensation eligibility. (Evid. Ex. 1, dep. ex. 7 at M#00122.)

7

In the course of drawing this conclusion, the DIR considered whether Bailey had substantiated his absences by demonstrating eligibility for FMLA leave. (Evid. Ex. 1, dep. ex. 7.) Therefore, the gravamen of Bailey's complaint that he was terminated by Miltope in violation of the FMLA is identical to the basis for the DIR's denial of benefits: whether Bailey provided the necessary paperwork to establish that his absenteeism was protected.

The plaintiff also mistakenly asserts that the issue was not "actually litigated" because the defendant did not make a physical appearance at the hearing. This is immaterial. As the Smitherman court noted, this element is met by reference to whether the hearing officer made a "direct finding" as to the issue in question. Wal-Mart Stores, Inc. v. Smitherman, 743 So. 2d 442, 446 (Ala. 1999).

Moreover, whether Miltope appeared at the hearing did not interfere with the plaintiff's "full and fair opportunity" to litigate the issue. Rather than ensure the appearance of any witnesses other than himself, the plaintiff chose to rely on his own testimony, which could not prove that any documentation was actually received by the defendant. (Evid. Ex. 1, dep. ex. 7; Evid. Ex. 2, p. 271, ll. 12-14, 16-18; p. 296, ll. 14-17; Evid. Ex. 3, ¶ 6 & decl. ex. D.) Having the defendant physically present would not have

aided the plaintiff because he admittedly cannot prove the medical documentation was ever received by the defendant. (Evid. Ex. 1, dep. ex. 7 at page bates stamped M#00121; (Evid. Ex. 1, p. 178, ll. 2-5, 16-18; p. 179, ll. 12-14.)

Because the reason for Bailey's separation has previously been determined to be Bailey's failure to follow Miltope's policies regarding securing approval for leave and calling in on days he was absent, he cannot now argue an entitlement to leave premised on the notion that he complied with the very policies the DIR determined he violated. Because Bailey is estopped from proving that his separation was unjustified, he cannot overcome Miltope's legitimate, non-discriminatory reason for concluding that Bailey abandoned his job. Summary judgment on Bailey's claim that his termination was in violation of the FMLA should be granted.

### B. *The plaintiff admittedly failed to provide sufficient notice of a foreseeable need for leave.*

The notice an employee provides must be "sufficient to make the employer aware that the employee needs FMLA-qualifying leave, and the anticipated timing and duration of the leave." 29 C.F.R. § 825.302(c). The plaintiff's argument suggests mistakenly that providing notice as soon as practicable, rather than providing thirty days' notice, was all that was

required here. (Plaintiff's Opposition Brief at 8.) On the contrary, the plaintiff knew in July 2003 that he wanted to take a leave of absence to care for his father; he additionally had an understanding that his father had a life expectancy of three to six months. (Evid. Ex. 1, p. 82, ll. 21-22; p. 160, ll. 8-10.) Accordingly, Bailey had sufficient information to provide thirty days' notice, yet he failed to communicate properly and consistent with the regulation.

      ***C.    The plaintiff presents no evidence of any statement made by Mr. Crowell discouraging the plaintiff from taking leave.***

As previously stated, the plaintiff has nothing more than a vague description of a conversation that, for no apparent reason, left him confused about whether he wanted to take a leave of absence. (Evid. Ex. 1, p. 181, ll. 10-17; Evid. Ex. 1, p. 206, ll. 19-21; p. 208, ll. 4-8.) This is insufficient to defeat a well-founded motion for summary judgment. See Earley v. Champion Int'l Corp., 907 F.2d 1077, 1080, 1083-84 (11th Cir. 1990) (specific and concrete facts required to avoid summary judgment).

      ***D.    The plaintiff fails to rebut the case law supporting Miltope's application of the call in policy to conclude that plaintiff had voluntarily quit his job.***

Miltope previously cited several appellate court authorities to support its valid application of policy in taking adverse action against Bailey. See Chavez v. Thomas & Betts Corp., 396 F.3d 1088 (10th Cir. 2005) (termination of employee for failure to follow call in policy not violative of FMLA where her paperwork requesting leave was not received prior to the termination decision); Lewis v. Holsum of Fort Wayne, Inc., 278 F.3d 706 (7th Cir. 2002) (holding that employee could be fired for failing to follow customary call-in policy while taking FMLA leave because she offered no explanation why she could not have called in to report her absences); Medley v. Polk Co., 260 F.3d 1202 (10th Cir. 2001) (discharge of an employee based on honest belief that job was abandoned does not violate FMLA, even if conclusion is mistaken); Gilliam v. United Parcel Service, Inc., 233 F.3d 969, 970-71 (7th Cir. 2000) (employer did not violate FMLA by terminating employee who failed to stay in contact with employer as required by CBA although initially given a few days off for a reason arguably covered by the FMLA).

The plaintiff has not questioned these authorities. The plaintiff has merely argued, without adequate record support, that he did comply by calling in at various times. (Plaintiff's Opposition Brief, pp. 9-10.) The plaintiff has presented no evidence, and cannot, that he called in on the days

11

immediately preceding the letter from Mr. Crowell notifying Bailey that he was considered to have voluntarily quit his job.

## CONCLUSION

The plaintiff's claims against Miltope should be dismissed with prejudice because he is collaterally estopped from litigating the reason for his employment separation, which is the basis for his claims. Further, even if Bailey were not estopped from litigating the issue, he admittedly failed to follow policy and procedure concerning obtaining leave and failed to provide reasonable notice of an alleged need for leave that was foreseeable. Moreover, he has no evidence of any action taken against him to discourage him or otherwise interfere with his attempt to take FMLA leave. Accordingly, the plaintiff has failed to demonstrate the existence of a genuine issue of material fact, and Miltope's motion for summary judgment should be granted.

*s/ Heather F. Lindsay*
Heather F. Lindsay (ASB-0629-D64H)
Johnston Barton Proctor & Powell LLP
2900 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203
Telephone: (205) 458-9400
Fax: (205) 458-9500
E-Mail: hfl@jbpp.com
One of the Attorneys for Defendant
Miltope Corporation

## **CERTIFICATE OF SERVICE**

I hereby certify that November 3, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Derrick Blythe, Esq.

126 Marshall Street

Alexander City, AL 35010

I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:

None

*s/ Heather F. Lindsay*
Heather F. Lindsay (ASB-0629-D64H)
Johnston Barton Proctor & Powell LLP
2900 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203
Telephone:  (205) 458-9400
Fax:  (205) 458-9500
E-Mail:  hfl@jbpp.com
One of the Attorneys for Defendant
Miltope Corporation

W0579850.DOC