IN THE UNTIED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| PATRICK BAILEY, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| VS. | ) CASE NO. 2:05-cv-1061-MEF |
| | ) |
| MILTOPE CORPORATION, | ) |
| | ) |
|     Defendant. | ) |

## ORDER ON PRETRIAL HEARING

A pretrial hearing was held in this case on the 3rd day of January, 2007, wherein the following proceedings were held and actions taken:

1. <u>PARTIES AND TRIAL COUNSEL</u>:

Patrick Bailey: Derrick Blythe, attorney, 126 Marshall Street, Alexander City, Alabama 35010, (256) 234-4101.

Miltope Corporation: Heather Lindsay, attorney, Johnston Barton Proctor & Powell, LLP, 1901 Sixth Avenue North, Suite 2900, Birmingham, Alabama 35203, (205) 458-9400

   <u>COUNSEL APPEARING AT PRETRIAL HEARING</u>:

Patrick Bailey: Derrick Blythe, attorney, 126 Marshall Street, Alexander City, Alabama 35010, (256) 234-4101

Miltope Corporation: Heather Lindsay, Johnston Barton Proctor & Powell, LLP, 1901 Sixth Avenue North, Suite 2900, Birmingham, Alabama 35203, (205) 458-9400.

    2. <u>JURISDICTION AND VENUE</u>:

United States District Court for the Middle District of Alabama, pursuant to 28 U.S.C. sec. 1331 by the Family and Medical Leave Act, U.S.C. sec. 2601 et seq.

    3. <u>PLEADINGS</u>:

(a) Complaint

(b) Answer

    4<u>. CONTENTIONS OF THE PARTIES</u>:

(a) The Plaintiff, Patrick Bailey, a former employee of Miltope Corporation (hereinafter "Defendant"), brought the instant case under the Family and Medical Leave Act of 1993 ("FMLA"), following the Defendant's unlawful refusal to grant him family leave to care for his father and subsequent termination of his employment resulting from his absence to care for his father.

Plaintiff was employed by Miltope Corporation from February 2001 until November 4, 2003. Plaintiff was terminated from his employment by Defendant on or about November 4, 2003 allegedly due to excessive absences, which occurred after his request for FMLA. Plaintiff notified Defendant in October 2003 that it may become necessary for him to take FMLA leave to care for his father who was diagnosed as being terminally ill. Plaintiff was told by an employee of Miltope in the personnel department that he was eligible for FMLA leave to care for his ailing father and was given the requisite forms to complete.

Plaintiff completed the requisite forms for FMLA and while out of work for an emergency dealing with his father's health, asked his immediate supervisor to turn in the FMLA forms for him. Plaintiff called his direct supervisor and told him where the completed forms were located in his office, and asked him to return the completed forms to the personnel department because he would need to invoke his right to FMLA immediately due to the health of his father. Plaintiff did not previously turn in the requisite forms due to his conversation with the Vice

President of Administration, in which the Vice President of Administration discouraged him from doing so.

Although the Defendant alleges not to have received the requisite forms for FMLA, a request for certification or "letter" from Plaintiff's Father's physician was requested, and subsequently provided.

Defendant also requested medical certification from the Plaintiff to support his request for leave. Defendant did not provide written notification that medical certification was required, nor did Defendant give Plaintiff a timeframe within which to return the certification, which is required by the FMLA. Despite the Defendant's deficiencies with regard to policy and procedure for FMLA leave, the Plaintiff provided medical certification on November 5, 2003 and November 13, 2003. Upon receipt of the requested medical certification from Plaintiff in support of his need for leave to care for his father, Defendant terminated Plaintiff's employment.

The Plaintiff alleges the causes of action stated in the complaint, which arise under the FMLA and are premised upon the theory that the Defendant interfered with the Plaintiff's rights under the FMLA by (1) discouraging him from taking leave; (2) denying him leave to which he was entitled; and (3) terminating his employment when he attempted to take the leave.

(b) The defendant denies that it violated the FMLA or any other law. The defendant provided paperwork concerning the FMLA without knowing whether the plaintiff was eligible for leave. The plaintiff was not discouraged from taking leave; he was merely required to follow reasonable procedures for establishing eligibility and coordinating in advance for foreseeable leave.

The plaintiff did not submit completed paperwork to human resources personnel or to his supervisor. Moreover, Miltope did not receive any documentation from a physician concerning the condition of Bailey's father. Because Bailey did not submit the paperwork or documentation from a physician,

3

Miltope lacked the information necessary to conclude whether Bailey was eligible.

Bailey's employment with Miltope ended effective November 11, 2003 after he admittedly failed to follow company policy of which he was well aware with respect to reporting absences. Based on Miltope's absenteeism policy, Bailey abandoned his job after failing to call in on three consecutive days he was absent.

The defendant further asserts the following affirmative defenses:

(1) The Plaintiff's Complaint fails, in whole or in part, to state a claim on which relief may be granted.

(2) The leave allegedly requested by the Plaintiff did not qualify as FMLA leave.

(3) The Plaintiff failed to provide adequate notice of the need to take FMLA leave.

(4) The Plaintiff's father did not have a serious health condition within the meaning of the FMLA.

(5) The Plaintiff failed to provide requested medical certification of the need for FMLA leave.

(6) The Plaintiff was not entitled to reinstatement under the FMLA.

(7) Any action or omission by Miltope giving rise to a claim under the FMLA was not willful but was made in good faith with a reasonable belief that the action or omission did not violate the FMLA.

(8) All employment decisions and actions taken concerning the Plaintiff were motivated by legitimate, non-discriminatory reasons that were not pretextual.

(9) Even if any decision or action was based on an unlawful motive, the same employment decision and action would have been taken concerning the Plaintiff regardless of any allegedly unlawful motive.

(10) The Plaintiff's claims are barred to the extent that he failed to mitigate his alleged damages, if any.

(11) The Plaintiff's claims for equitable relief are barred by his "unclean hands."

(12) The Plaintiff's claim, in whole or in part, is barred by the doctrine of estoppel.

(13) The Plaintiff's claim, in whole or in part, is barred by the applicable statute of limitations.

    5.  <u>STIPULATIONS BY AND BETWEEN THE PARTIES</u>:

    (a)  The Plaintiff, PATRICK BAILEY, was employed by the Defendant, MILTOPE CORPORATION, on two different occasions, once in 1996 until 1998 and again later in February of 2001 until November of 2003.

    (b)  The plaintiff's employment ended as a result of the application of Miltope's call in policy effective November 11, 2003.

    (c)  The plaintiff's father received care for his health conditions from Dr. Vincent Law, among other care providers, during the relevant time period.

    (d)  The Plaintiff's, PATRICK BAILEY, supervisor was Brian Burkhead, who reported to Gabe Riesco.

    (e)  The medical records produced and provided by the parties are stipulated as being authentic. The parties may object on other grounds as to their admissibility.

It is ORDERED that:

(1)   The jury selection and trial of this cause, which is to last two (2) days, are set for January 29, 2007, at 10:00 a.m. at the United States Courthouse in Montgomery, Alabama;

(2)   A trial docket will be mailed to counsel for each party approximately two weeks prior to the start of the trial term;

(3)   The parties are to file their pre-trial briefs, if any, by January 22, 2007;

(4)   Each party shall have available at the time of trial, for use by the court (the judge, the courtroom deputy clerk, and the law clerk), three copies of the exhibit list and a sufficient number of copies of each photostatically reproducible exhibit for opposing counsel, the courtroom deputy clerk, the law clerk, and the judge to each have a set of the exhibits;

(5)   All deadlines not otherwise effected by this order will remain as set forth in the Uniform Scheduling Order (Doc. # 9) entered by the court on January 10, 2006;

(6)   All understandings, agreements, deadlines, and stipulations contained in this Pretrial Order shall be binding on all parties unless this Order be hereafter modified by Order of the Court.

DONE this the 4th day of January, 2007.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE