IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| PATRICK BAILEY, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | CASE NO. 2:05-cv-1061-MEF |
| ) | (WO) |
| MILTOPE CORPORATION, ) | |
| ) | |
| Defendant. ) | |

# MEMORANDUM OPINION AND ORDER

Plaintiff brings suit against Defendant Miltope Corporation, alleging that it violated his rights under the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.* ("FMLA"). Plaintiff seeks compensatory damages, injunctive relief, and attorney's fees and costs. This cause is presently before the Court on Defendant's Motion for Summary Judgment (Doc. # 17). The Court has carefully considered the pleadings, briefs, and evidentiary submissions. For the reasons stated herein, Defendant's motion is due to be GRANTED IN PART and DENIED IN PART.

## I. Jurisdiction and Venue

The Court exercises subject matter jurisdiction over Plaintiff's claim pursuant to 28 U.S.C. § 1331 (federal question) and 29 U.S.C. § 2617(a)(2). The parties contest neither personal jurisdiction nor venue, and the Court finds an adequate factual basis for each.

## II. Summary Judgment Standard

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file,

together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "An issue of fact is 'genuine' if the record as a whole could lead a reasonable trier of fact to find for the nonmoving party. An issue is 'material' if it might affect the outcome of the case under the governing law." *Redwing Carriers, Inc. v. Saraland Apartments,* 94 F.3d 1489, 1496 (11th Cir. 1996) (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)). "A genuine issue of material fact does not exist unless there is sufficient evidence favoring the nonmoving party for a reasonable jury to return a verdict in its favor." *Chapman v. AI Transp.,* 229 F.3d 1012, 1023 (11th Cir. 2000) (en banc) (quoting *Haves v. City of Miami,* 52 F.3d 918, 921 (11th Cir. 1995) (internal quotation marks and citations omitted)).

The party seeking summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322-23.

Once the moving party has met its burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to

2

interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324. To avoid summary judgment, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). On the other hand, a court ruling on a motion for summary judgment must believe the evidence of the nonmovant and must draw all justifiable inferences from the evidence in the nonmoving party's favor. *See, e.g., Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *McCormick v. City of Fort Lauderdale,* 333 F.3d 1234, 1243 (11th Cir. 2003) (the evidence and all reasonable inferences from the evidence must be viewed in the light most favorable to the nonmovant). After the nonmoving party has responded to the motion for summary judgment, the court must grant summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c).

### III. Facts and Procedural History

The Court has carefully considered all documents submitted in support of and in opposition to the motion. Viewed in the light most favorable to the Plaintiff, the submissions of the parties establish the following relevant facts:

Plaintiff worked for Defendant from 1996 until late 1997 or early 1998. He returned to work for Defendant in 2001 as a CAV[1] and government property administrator. His

---

[1] CAV is an acronym for Commercial Asset Visibility.

supervisor was Brian Burkhead ("Burkhead"). Burkhead's supervisor was Gabriel Riesco ("Riesco").

Around the time of Plaintiff's first employment with Defendant, his father had a stroke. Since then, Plaintiff and his daughter have lived with Plaintiff's father. Plaintiff's father came down with pneumonia in July 2003. A mass was found which his doctor thought was cancer. The doctor gave him three to six months to live. Plaintiff took time off work in July during his father's illness. Plaintiff's father recovered from the pneumonia and was released to physical therapy. Burkhead was aware of the health problems Plaintiff's father had and that he had to take time off when his father was ill.

In October 2003, Plaintiff asked Burkhead and Riesco how to get his FMLA leave approved. Burkhead and Riesco advised Plaintiff that he should talk to Edward Crowell ("Crowell"), Defendant's Vice President of Administration. On October 27, 2003, Plaintiff went to talk to Crowell with the intention of telling him that he needed FMLA leave. Plaintiff said that he wanted to take some time to take care of his father. He said that he needed to take family medical leave to "get things sorted out at home." Crowell told Plaintiff how important his job was and that the company really needed him. Crowell also told Plaintiff a story about his father, who also had cancer. Crowell said that even though his father was sick, he was able to spend a lot of time with him. Plaintiff believes that Crowell said that his family helped him take care of his father. Plaintiff felt after hearing this that maybe he could take care of everything without needing FMLA leave. Plaintiff

alleges that Crowell's statements constituted an attempt to discourage him from taking leave.

Dee Coulter ("Coulter"), the Human Resources Benefits Coordinator, brought Plaintiff the FMLA leave paperwork. When she did so, she told Plaintiff that if the conditions were as he had said, then he would qualify for FMLA leave. Plaintiff filled out the FMLA leave paperwork during the week of October 27, 2003 and left it on his desk. He provided all of the information requested. The form allowed him to choose when he wanted the leave to begin, and he checked "immediately."

Plaintiff stayed home from work on Monday, November 3, 2003, because he had been up all night with a flat tire. He called Defendant until he was able to talk to Darlene Hill, another supervisor, but did not talk to Burkhead. The next morning, November 4, 2003, he missed work because his daughter was sick. He called in and talked to Burkhead that day. The following morning, November 5, 2003, Plaintiff called in again because his father was sick. During the week of November 3, Plaintiff had decided based on the events of that week that he needed to take FMLA leave. When Plaintiff called in on November 5, he asked Burkhead to turn in the paperwork for his leave. He assumes that Burkhead turned it in, because Burkhead later told Plaintiff that he needed a letter from his father's doctor. Plaintiff assumes that Coulter or someone else told Burkhead that Plaintiff needed the letter. Plaintiff sent an email to Burkhead and Riesco asking them to let him know if there was anything else they needed. Plaintiff carbon copied Crowell on the email.

On November 14, 2003, an employee of Dr. Vincent Law faxed a letter from his

5

office to Defendant's product support number. The letter, dated November 5, 2003 and signed by Dr. Law, states, "Mr. Bailey is a patient that is under my care. He has terminal illness that may require his son's assistance. Please feel free to call me for any questions."

When Plaintiff did not call in his absences for three consecutive days, Crowell sent him a letter dated November 12, 2003, stating that he was considered to have voluntarily resigned and that his employment with Defendant was terminated. Plaintiff received this letter on November 14, 2003.

Plaintiff emailed Burkhead on November 14 asking him to confirm receipt of Dr. Law's letter and telling Burkhead to let him know if there was anything he needed. He also emailed Burkhead on November 17, asking him whether he turned in the FMLA paperwork and whether he received the letter from Dr. Law. On November 18, Plaintiff emailed Riesco. Plaintiff asked that any future communications be sent directly to him because he had sent a number of emails to Burkhead, with carbon copies to Riesco and Crowell, with no response. He stated that Riesco had a way to contact him and asked that he do so.

Plaintiff filed an unemployment compensation claim. He appeared at the hearing on February 3, 2004, and was represented by counsel. Crowell sent a letter to the Alabama Department of Industrial Relations ("ADIR") Administrative Hearing Officer, stating that he could not attend the hearing, but that Defendant opposed any ruling awarding Plaintiff unemployment benefits.

The Administrative Hearing Officer determined that Plaintiff was not entitled to

unemployment benefits. She found that Plaintiff left the paperwork on his desk and asked his supervisor to turn it in, but did not provide the required medical documentation until the day after Defendant sent Plaintiff the letter notifying him that he was terminated. She determined that the family medical leave of absence had not been approved because the required medical documentation was not submitted until after Plaintiff's separation. The Administrative Hearing Officer concluded that Plaintiff had abandoned his position because he was absent from work for more than three consecutive days without proper notice to or permission from Defendant. She determined that Plaintiff had not provided the required medical documentation until after his termination. She concluded that Plaintiff was disqualified from receiving unemployment benefits.

On November 2, 2005, Plaintiff filed suit in this Court (Doc. # 1). Defendant filed a Motion for Summary Judgment on October 12, 2006 (Doc. # 17).

### IV. Discussion

A. <u>Collateral Estoppel</u>

Defendant first argues that Defendant is precluded from relitigating the issue of his employment separation by operation of collateral estoppel. The United States Supreme Court has "long favored application of the common-law doctrines of collateral estoppel (as to issues) and res judicata (as to claims) to those determinations of administrative bodies that have attained finality." *Astoria Fed. Sav. and Loan Ass'n v. Solimino*, 501 U.S. 104, 107 (1991). Some federal statutory schemes have abrogated this rule in certain employment law

contexts. *See, e.g. id.* at 110 (ADEA); *Univ. of Tenn. v. Elliott*, 478 U.S. 788, 796 (1986) (Title VII).

The Court cannot conclude that Congress intended to limit the preclusive effect of state administrative agency factual findings with respect to FMLA actions. *See Kosakow v. New Rochelle Radiology Assocs., P.C.*, 274 F.3d 706, 728-29 (2d Cir. 2001) (applying state collateral estoppel law to determine the preclusive effect of an administrative agency determination on an FMLA claim). "When a state agency, acting in a judicial capacity, resolves disputed issues of fact properly before it that the parties have had an adequate opportunity to litigate, federal courts must give the agency's fact finding the same preclusive effect to which it would be entitled in the State's court." *Travers v. Jones*, 323 F.3d 1294, 1296 (11th Cir. 2003) (citing *Elliott*, 478 U.S. at 799 (1986)). Thus, courts have applied collateral estoppel to FMLA claims. *See, e.g.*, *Brockman v. Wyo. Dep't of Fam. Servs.*, 342 F.3d 1159, 1165-67 (10th Cir. 2003); *Kosakow*, 274 F.3d at 729.

Under Alabama law, which governs the matter of collateral estoppel, *see Marrese v. Am. Acad. of Orthopaedic Surgeons,* 470 U.S. 373, 381-82 (1985), the decisions of administrative agencies may be entitled to preclusive effect if they meet certain conditions. *See Wal-Mart Stores, Inc. v. Smitherman*, 743 So. 2d 442, 445 (Ala. 1999). This Court has given preclusive effect to ADIR administrative decisions in other types of federal employment cases. *See, e.g.*, *Land v. Glover*, 404 F. Supp. 2d 1335, 1338-39 (M.D. Ala. 2005) (Albritton, J.) (First Amendment retaliation); *Williams v. Ala. Indus. Dev. Training*,

146 F. Supp. 2d 1214, 1222-23 (M.D. Ala. 2001) (DeMent, J.) (EEOC retaliation); *Rigby v. Marshall*, 134 F. Supp. 2d 1259, 1262-63 (M.D. Ala. 2000) (Thompson, J.) (First Amendment retaliation).  The Court will address whether the administrative agency factual findings are entitled to preclusive effect in cases brought pursuant to the FMLA.

For the results of an administrative proceeding to be given collateral estoppel effect under Alabama law, the following elements must be present:

> (1) there is identity of the parties or their privies; (2) there is identity of issues; (3) the parties had an adequate opportunity to litigate the issues in the administrative proceeding; (4) the issues to be estopped were actually litigated and determined in the administrative proceeding; and (5) the findings on the issues to be estopped were necessary to the administrative decision.

*Smitherman*, 743 So.2d at 445.

The Court does not agree with Defendant that this action and the ADIR hearing share the issue of "the reason for plaintiff's employment separation."  That might be the case with a retaliation claim, in which the reason for the termination may be at issue in both an ADIR hearing and an employment discrimination claim.  *See, e.g., Land*, 404 F. Supp. 2d at 1338-39; *Williams*, 146 F. Supp. 2d at 1222-23; *Rigby*, 134 F. Supp. 2d at 1264.  However, Defendant's reason for Plaintiff's termination is not at issue in this case.  Plaintiff does not allege that Defendant terminated him because he took FMLA leave; rather, he alleges that Defendant interfered with his rights under the FMLA.  Thus, because there is no identity of issue as is required for collateral estoppel under Alabama law, the Court will therefore not give preclusive effect to the hearing officer's determination of the reason for Plaintiff's separation from employment.

9

B. Merits

Congress enacted the FMLA to assist families in balancing the demands of the workplace with the needs of the family and to entitle employees to take reasonable leave for medical reasons, for the birth or adoption of a child, and for the care of a child, spouse, or parent who has a serious health condition. *See* 29 U.S.C. § 2601(b). To that end, a covered employer must allow an eligible employee to take a total of 12 work weeks of leave during any 12-month period for one of several enumerated reasons including in order to care for a parent with a serious health condition. *See* 29 U.S.C. §§ 2612(a) & 2612(a)(1)(C). The employer is not required to pay the employee for FMLA leave. *See* 29 U.S.C. § 2612(c). "The Act creates a private right of action to seek equitable relief and money damages against employers who 'interfere with, restrain, or deny the exercise of or the attempt to exercise' FMLA rights." *Hurlbert v. St. Mary's Health Care Sys., Inc.*, 439 F.3d 1286, 1293 (11th Cir. 2006) (quoting 29 U.S.C. §§ 2615(a)(1) & 2617(a), and citing *Nev. Dep't of Human Res. v. Hibbs,* 538 U.S. 721, 724-25 (2003)).

It is unlawful for any employer to interfere with, restrain, or deny the exercise, or the attempt to exercise, any right provided by the FMLA. 29 U.S.C. § 2615(a)(1). Plaintiff brings an "interference" claim, "in which an employee asserts that his employer denied or otherwise interfered with his substantive rights under the [FMLA]." *Strickland v. Water Works & Sewer Bd. of the City of Birmingham,* 239 F.3d 1199, 1206 (11th Cir. 2001). In order to state a claim that his employer has interfered with a substantive FMLA right, a plaintiff must demonstrate that he was entitled to the benefit denied. *See id.* at 1206-07.

10

Plaintiff "does not have to allege that his employer intended to deny the right; the employer's motives are irrelevant." *Id*. at 1208.

When the need for FMLA leave is foreseeable, an employee who wishes to request leave must generally provide thirty days' notice to the employer. 29 C.F.R. § 825.302(a). The employee is only required to provide the employer with sufficient information to put the employer on notice that the employee needs FMLA-qualifying leave, and the anticipated timing and duration of the leave. 29 C.F.R. § 825.302(c). However, where thirty days' notice is impracticable based on circumstances such as a medical emergency, changed circumstances, or a lack of knowledge of approximately when the leave will need to begin, notice must be given as soon as practicable. 29 C.F.R. § 825.302(a). The change in circumstances need not be medically related or a medical emergency. *Hopson v. Quitman County Hosp. & Nursing Home, Inc.*, 126 F.3d 635, 640 (5th Cir. 1997).

If the need for leave is not foreseeable, the employee must give notice "as soon as practicable under the facts and circumstances of the particular case." 29 C.F.R. § 825.303(a). Where the need for leave is unforeseeable, "the employee need only provide her employer with notice sufficient to make the employer aware that her absence is due to a potentially FMLA-qualifying reason." *Gay v. Gilman Paper Co.*, 125 F.3d 1432, 1436 (11th Cir. 1997). The employee need not even mention the FMLA. 29 C.F.R. § 825.303(a). When considering whether an employee's notice is sufficient, "the critical question is whether the information imparted to the employer is sufficient to reasonably apprise it of the employee's request to take time off for a serious health condition." *Gay*, 125 F.3d at 1435 (alteration

11

omitted) (quoting *Manuel v. Westlake Polymers Corp.,* 66 F.3d 758, 764 (5th Cir. 1995)).

An employer may require an employee to comply with the employer's customary procedural requirements for requesting leave. 29 C.F.R. § 825.302(d). In the context of a foreseeable need for leave, although an employer may require an employee to "comply with the employer's usual and customary notice and procedural requirements for requesting leave . . . . failure to follow such internal employer procedures will not permit an employer to disallow or delay an employee's taking FMLA leave if the employee gives timely verbal or other notice." 29 C.F.R. § 825.302(d). This rule has also been applied in the case of unforeseeable need for FMLA leave. *See Cavin v. Honda of Am. Mfg., Inc.*, 346 F.3d 713, 720-23 (6th Cir. 2003). Employers are entitled to require that the need for leave be supported by the certification of a health care provider, 29 U.S.C. § 2614(b)(3), but they must provide written notice regarding requirements for providing medical certification and the consequences of failing to do so, 29 C.F.R. §§ 825.301(b), 825.305.

If the employer does not have sufficient information about the employee's reason for taking leave, "the employer should inquire further to ascertain whether the paid leave is potentially FMLA-qualifying." 29 C.F.R. § 825.208(a)(2). If the employee does not give adequate notice, the employer is only entitled to waive the notice requirement or delay the leave until thirty days after notice is given. *See Killian v. Yorozu Auto. Tenn., Inc.*, 454 F.3d 549, 554 (6th Cir. 2006); 29 C.F.R. § 825.304.

Defendant first argues that Plaintiff did not provide it reasonable notice that he intended to take FMLA leave. It argues that Plaintiff failed to provide thirty days' notice

despite the fact that he had known about his father's illness for months. It further argues that he did not turn in his paperwork and that he has provided no evidence that he identified a date that he would return from leave.

The Court first addresses whether the need for leave was foreseeable or unforeseeable. Plaintiff filled out the leave paperwork on the week of October 27, 2003. He decided the next week based on everything that happened that week, including his father being sick on the morning of November 5, 2003, that he needed to take FMLA leave. However, he had been considering taking FMLA leave for at least a week and he knew about his father's illness for months. Viewing the facts in the light most favorable to Plaintiff, a reasonable jury could not find that Plaintiff's need for leave was unforeseeable.

The Court turns to the issue of whether the notice was timely. A reasonable jury could find that thirty days' notice was not practicable because of changed circumstances or a lack of knowledge of approximately when leave would be required to begin. Assuming Plaintiff realized his need for leave beginning on the 4th or 5th of November, a reasonable jury could conclude that Plaintiff's notice to Defendant was given as soon as practicable under the circumstances. The Court also notes that Plaintiff had discussed his interest in taking FMLA leave with Burkhead and Riesco. He had also discussed his father's condition and his interest in taking FMLA leave with Crowell.

Plaintiff has submitted sufficient evidence that he provided notice to Defendant of his need for FMLA leave and when the leave was to begin. During the week of October 27, 2003, he talked to Crowell, Burkhead, and Riesco, all of whom had supervisory authority

13

over him, regarding his interest in FMLA leave. Plaintiff asked his immediate supervisor Riesco to turn in the FMLA paperwork for him. Burkhead later told Plaintiff that he needed a letter from his father's doctor. He noted on the medical documentation form that he wanted the leave to begin immediately.

Plaintiff has not presented sufficient evidence that he provided Defendant notice of the expected duration of his requested leave. While Defendant raised this point in support of its Motion for Summary Judgment, Plaintiff failed to respond with any evidence demonstrating that he provided notice of the expected duration of the leave he sought.

Plaintiff therefore did not satisfy the FMLA's notice requirements. However, when an employee fails to provide timely notice, the employer may only waive the notice requirement or delay the leave until thirty days after notice was given. *See Killian*, 454 F.3d at 554 ("[E]ven if [the employee's] notice had been late, [the employer's] only legal recourse would have been either to waive the notice requirement or to delay her leave. The statute and regulations do not permit an employer to terminate an employee merely for failure to provide timely notice."); 29 C.F.R. § 825.304. It is not clear whether Defendant waived the notice requirement or delayed leave. Defendant did not raise the issue of delaying leave in its motion. The Court concludes that Defendant has not shown that it is entitled to judgment as a matter of law with respect to the adequacy of Plaintiff's notice.

Defendant also argues that Plaintiff is not entitled to FMLA leave because he failed to follow its call in procedure. Viewing the facts in the light most favorable to Plaintiff, a reasonable jury could find that he complied with Defendant's call in procedure or that he was

14

not required to do so because he had availed himself of his right to leave under the FMLA. The Court concludes that genuine issues of material fact exist and Defendant is not entitled to judgment as a matter of law based on Plaintiff's alleged failure to comply with the requirements of the FMLA or Defendant's call in procedure.

Plaintiff also claims that Crowell discouraged him from taking leave by discussing the death of Crowell's father and stating how important Plaintiff was to the company and that the company really needed him. Discouraging an employee from taking leave is a violation of the FMLA:

> Any violations of the Act or of these regulations constitute interfering with, restraining, or denying the exercise of rights provided by the Act. "Interfering with" the exercise of an employee's rights would include, for example, not only refusing to authorize FMLA leave, but *discouraging an employee from using such leave*.

29 C.F.R. § 825.220(b) (emphasis added).

Neither party cites any case law in support of its argument regarding discouragement from taking FMLA leave. Based on the record and the arguments of the parties, Plaintiff's evidence does not demonstrate actions that rise to the same level that other courts have found may constitute this type of violation of the FMLA. *See, e.g., Saroli v. Automation & Modular Components, Inc.*, 405 F.3d 446, 454 (6th Cir. 2005) (employer discouraged employee from exercising her rights under the FMLA when it failed to respond to her inquiries and inform her of her eligibility for leave); *Butler v. IntraCare Hosp. N.*, Civ. No. H-05-2854, 2006 WL 2868942, at *4 (S.D. Tex. Oct. 4, 2006) (employer's suggestion that employee work from home rather than take FMLA leave could constitute discouragement);

15

*Soslovey v. Wyo. Valley Health Care Sys.-Hosp.*, 396 F. Supp. 2d 534, 540 (M.D. Pa. 2005) (a two-week notice policy discourages employees from taking FMLA leave if the need for the leave is unforeseeable because they could have to go two weeks without pay). Plaintiff has not provided sufficient evidence from which a reasonable fact-finder could find that Crowell discouraged him from taking leave. The Court concludes that Plaintiff has not demonstrated a genuine issue of material fact with regard to his claim of discouragement and that Defendant is entitled to judgment as a matter of law on this claim.

## V. Conclusion

For the reasons set forth above, it is hereby ORDERED that Defendant's Motion for Summary Judgment (Doc. # 17) is GRANTED IN PART and DENIED IN PART. The motion is GRANTED (1) as to Plaintiff's claim that he was discouraged from taking FMLA leave, and (2) to the extent that the Court hereby concludes that Plaintiff's need for FMLA leave was foreseeable. The motion is DENIED in all other respects.

DONE this the 8th day of January, 2007.

        /s/ Mark E. Fuller  
        CHIEF UNITED STATES DISTRICT JUDGE