IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| PATRICK BAILEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No.: 2:05-cv-1061-MEF-TFM |
| | ) |
| MILTOPE CORPORATION, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S OBJECTIONS TO PLAINTIFF'S WITNESS LIST**

Defendant, Miltope Corporation ("Miltope"), submits the following objections to the plaintiff's witness list.

**GENERAL OBJECTIONS**

1. Miltope generally objects to witnesses being asked to testify about matters that are irrelevant or unduly prejudicial. Miltope further objects to witness testimony that is inadmissible hearsay, not based on personal knowledge or is likely to create unnecessary delay, expense and jury confusion.

**OBJECTIONS AS TO SPECIFIC WITNESSES**

2. Lee Butler
   Unknown at this time

**OBJECTION:**

Miltope objects to the testimony of this witness to the extent it is irrelevant, unduly prejudicial, inadmissible hearsay, is not based on personal knowledge and will create unnecessary delay, expense and jury confusion. The subject matter to which Mr. Butler can testify is not known to be relevant to the claims or defenses in this case.

Miltope objects to any lay opinion testimony offered by Mr. Butler and any opinion by Mr. Butler on the ultimate issue in this matter. Finally, Miltope objects because no contact information has been provided contrary to the Federal Rule of Civil Procedure 26(a)(3)(A).

3. Brian Gogg
   Miltope
   500 Richardson Road South
   Hope Hull, Alabama 36043

**OBJECTION:**

Miltope objects to the testimony of this witness to the extent Mr. Gogg's testimony is irrelevant, unduly prejudicial, inadmissible hearsay, is not based on personal knowledge and likely to create unnecessary delay, expense, and jury confusion. It is believed that the limit of Mr. Gogg's personal knowledge of the claims and defenses at issue concerns a conversation between the plaintiff and Dee Colter, a Miltope human resources employee. The plaintiff and Dee Colter will both be asked about this conversation; Mr. Gogg's testimony is therefore duplicative. Miltope further objects to any lay opinion testimony offered by Mr. Gogg and any opinion by Mr. Gogg on the ultimate issue in this matter.

4. Melanie Orr
   NAVICP
   Address not available at this time

**OBJECTION:**

Miltope objects to the testimony of this witness to the extent her testimony is irrelevant, unduly prejudicial, inadmissible hearsay, is not based on personal knowledge and will create unnecessary delay, expense and jury confusion. Miltope's understanding of Ms. Orr's knowledge with respect to the claims and defenses of this case is that her information is limited to inadmissible hearsay. Miltope further objects to any lay opinion testimony offered by Ms. Orr and any opinion by Ms. Orr on the ultimate issue in this matter. Moreover, Miltope objects because the plaintiff failed to provide contact information contrary to Federal Rule of Civil Procedure 26(a)(3)(A).

5.  Dr. Vincent Law
    Temple Medical Center
    1120 Airport Drive
    Alexander City, Alabama 35010

**OBJECTION:**

Miltope objects to Dr. Vincent Law on the grounds that the only conceivable testimony he could offer would be in the capacity of an expert witness and the plaintiff failed to timely make the disclosures required by Fed. R. Civ. P. 26(a)(2) with respect to this witness. Miltope objects to any lay opinion testimony offered by Dr. Law and any opinion by Dr. Law on the ultimate issue in this matter. Additionally, Miltope objects to the plaintiff calling this witness because he has no personal knowledge that would be relevant to whether Miltope interfered with the plaintiff's assertion of an FMLA entitlement. Miltope further objects because this witness will create unnecessary delay and expense and he should therefore be excluded.

6.  Hospice Workers
    Unknown to us at this time

**OBJECTION:**

Miltope objects to the testimony of any witnesses to the extent their testimony is irrelevant, unduly prejudicial, inadmissible hearsay, is not based on personal knowledge and will create unnecessary delay, expense and jury confusion. Miltope further objects to the extent that any care provider with Hospice would be asked to provide testimony in the capacity of an expert witness and the plaintiff failed to timely make the disclosures required by Fed. R. Civ. P. 26(a)(2) with respect to such witnesses. Miltope objects to any lay opinion testimony offered by Hospice workers and any opinion by Hospice workers on the ultimate issue in this matter. Additionally, Miltope objects to the plaintiff calling such witnesses because they have no personal knowledge that would be relevant to whether Miltope interfered with the plaintiff's assertion of an FMLA entitlement. This vague designation fails to meet the requirements of Federal Rule of Civil Procedure 26(a)(3)(A); accordingly, it is impossible to be more

precise with Miltope's objections. Miltope therefore reserves the right to make additional objections if and when the plaintiff identifies Hospice Workers with the specificity required by Rule 26(a)(3)(A).

7.  Those individuals listed in the pretrial disclosures number 2 (a) through (i)

**OBJECTION:**

Miltope objects to the testimony of any witnesses to the extent their testimony is irrelevant, unduly prejudicial, inadmissible hearsay, is not based on personal knowledge and will create unnecessary delay, expense and jury confusion. Miltope further objects because this vague designation fails to meet the requirements of Federal Rule of Civil Procedure 26(a)(3)(A) because the initial disclosures did not include contact information for these witnesses. Miltope objects to any lay opinion testimony offered by these witnesses and any opinion by these witnesses on the ultimate issue in this matter. Additionally, Miltope objects to the plaintiff calling such witnesses because they have no personal knowledge r Miltope objects to any lay opinion testimony offered by Hospice workers and any opinion by Hospice workers on the ultimate issue in this matter. Additionally, Miltope objects to the plaintiff calling such witnesses because they have no personal knowledge that would be relevant to whether Miltope interfered with the plaintiff's assertion of an FMLA entitlement. It is believed that the extent of the knowledge of most of these witnesses is limited to inadmissible hearsay. Without more information from the plaintiff as to the subject matter of the testimony the plaintiff expects from these witnesses, Miltope objects to any of them being permitted to testify.

8.  Other individuals who are currently unknown to the Plaintiff at this time who possess material or relevant information in regards to the Plaintiff's claim and who will be identified when so determined by the Plaintiff.

**OBJECTION:**

Miltope objects to this vague designation, which is inconsistent with Federal Rule of Civil Procedure 26(a)(3)(A)'s requirement that each

witness be individually named. It is unduly prejudicial to Miltope for the plaintiff to be permitted to call as a witness persons not previously disclosed during discovery or consistent with the Court orders in this matter. Miltope accordingly objects to the testimony of any witnesses to the extent their testimony is irrelevant, unduly prejudicial, inadmissible hearsay, is not based on personal knowledge and will create unnecessary delay, expense and jury confusion. Miltope cannot object with more specificity without knowing who the plaintiff intends to call. Miltope therefore reserves the right to make additional objections if and when the plaintiff identifies "individuals" with the specificity required by Rule 26(a)(3)(A).

Dated this 16th day of January, 2007

>Respectfully submitted,
>
>*s/ Heather F. Lindsay*
>Heather F. Lindsay (ASB-0629-D64H)
>Johnston Barton Proctor & Rose LLP
>2900 AmSouth/Harbert Plaza
>1901 Sixth Avenue North
>Birmingham, Alabama 35203
>Telephone: (205) 458-9400
>Fax: (205) 458-9500
>E-Mail: hfl@johnstonbarton.com
>One of the Attorneys for Defendant
>Miltope Corporation

## **CERTIFICATE OF SERVICE**

       I hereby certify that on January 16th, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Derrick Blythe, Esq.
126 Marshall Street
Alexander City, Alabama 35010


I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:

None

                                                        *s/ Heather F. Lindsay*
                                                        Heather F. Lindsay (ASB-0629-D64H)
                                                        Johnston Barton Proctor & Rose LLP
                                                        2900 AmSouth/Harbert Plaza
                                                        1901 Sixth Avenue North
                                                        Birmingham, Alabama 35203
                                                        Telephone: (205) 458-9400
                                                        Fax: (205) 458-9500
                                                        E-Mail: hfl@johnstonbarton.com
                                                        One of the Attorneys for Defendant
                                                        Miltope Corporation