IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| PATRICK BAILEY, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | ) Case No.: 2:05-cv-1061-MEF-TFM |
| | ) |
| MILTOPE CORPORATION, | ) |
| | ) |
|     Defendant. | ) |

### DEFENDANT'S OBJECTIONS TO PLAINTIFF'S EXHIBIT LIST

Defendant, Miltope Corporation ("Miltope"), submits the following objections to the plaintiff's exhibit list.

### GENERAL OBJECTIONS

Pursuant to Fed. R. Civ. P. 26(a)(3), Miltope reserves the right to make further objections to the plaintiff's exhibits under Fed. R. Evid 401-404 at trial.

### OBJECTIONS AS TO SPECIFIC EXHIBITS

1.  "Faith Hospice patient information of 7/2/04"

**OBJECTION:**

Miltope objects to this document to the extent it is not admissible under Fed. R. Evid 401-04, 801, 802, 901 or 902. Specifically, the document pertains to a time period that is irrelevant for purposes of the claims in this action, which center on alleged conduct occurring in October and November 2003. The information contained on the document listed pertains to a time period long after the plaintiff's leave, had it been granted, would have expired. Further, the document contains inadmissible hearsay and should be excluded. To the extent

it is deemed admissible, Miltope objects to the document as produced by the plaintiff, which is different from the document produced by Faith Hospice to the defendant and bates stamped SR #00004. If it is admissible, SR #00004 is supported by a certificate of authenticity from Faith Hospice whereas the plaintiff's document is not.

2. E-Mail from Pat Bailey to Ed Crowell, October 23, 2003 (M#00142)

**OBJECTION:**

Miltope objects to this exhibit to the extent any part of it is inadmissible under Fed. R. Evid. 401-04, 801, or 802.

3. E-Mail from Pat Bailey to Ed Crowell, October 27, 2003 (M#00143)

**OBJECTION:**

Miltope objects to this exhibit to the extent any part of it is inadmissible under Fed. R. Evid. 401-04, 801, or 802.

4. Letter from Dr. Law of November 5, 2003

**OBJECTION:**

Miltope objects to this exhibit to the extent any part of it is inadmissible under Fed. R. Evid. 401-04, 702, 801 or 802. Moreover, Miltope objects to the extent this document being used as a means of admitting expert testimony based on the plaintiff's failure to designate Dr. Law as an expert pursuant to Federal Rule of Civil Procedure 26(a)(2) and incorporates by reference herein its objections to the testimony of Dr. Law.

5. Letter from Dr. Law of November 29, 2004

**OBJECTION:**

Miltope objects to this document to the extent it is not admissible under Fed. R. Evid 401-04, 702, 801 or 802. Specifically, the document pertains to a time period that is irrelevant for purposes of the claims in this action, which center on alleged conduct occurring in

    October and November 2003. The information contained on the document listed pertains to a time period long after the plaintiff's leave, had it been granted, would have expired. Further, the document contains inadmissible hearsay and should be excluded. Moreover, Miltope objects to the extent this document being used as a means of admitting expert testimony based on the plaintiff's failure to designate Dr. Law as an expert pursuant to Federal Rule of Civil Procedure 26(a)(2) and incorporates by reference herein its objections to the testimony of Dr. Law.

6.      E-Mail from Pat Bailey to Brian Burkhead, September 5, 2003

**OBJECTION:**

    Miltope objects to this exhibit to the extent any part of it is inadmissible under Fed. R. Evid. 401-04, 801, or 802.

7.      E-Mail from Pat Bailey to Brian Burkhead, November 5, 2003

**OBJECTION:**

    Miltope objects to this exhibit to the extent any part of it is inadmissible under Fed. R. Evid. 401-04, 801, or 802.

8.      E-Mail from Melody Orr to Pat Bailey, November 6, 2003

**OBJECTION:**

    Miltope objects to this exhibit to the extent any part of it is inadmissible under Fed. R. Evid. 401-04, 801, or 802.

9.      E-Mail from Herb Klein to Pat Bailey, November 11, 2003

**OBJECTION:**

    Miltope objects to this exhibit to the extent any part of it is inadmissible under Fed. R. Evid. 401-04, 801, or 802.

10.      E-Mail from Pat Bailey to Brian Burkhead, November 14, 2003

**OBJECTION:**

    Miltope objects to this exhibit to the extent any part of it is inadmissible under Fed. R. Evid. 401-04, 801, or 802.

11.    E-Mail from Pat Bailey to Brian Burkhead, November 17, 2003

**OBJECTION:**

    Miltope objects to this exhibit to the extent any part of it is inadmissible under Fed. R. Evid. 401-04, 801, or 802.

12.    E-Mail to Gabe Riesco, November 18, 2003

**OBJECTION:**

    Miltope objects to this exhibit to the extent any part of it is inadmissible under Fed. R. Evid. 401-04, 801, or 802.

13.    Rate changes and Performance Appraisals cumulatively of 3/26/2003 (M#00056), 2/12/2003 (M#00057 through 60), 2/12/2002 (M#00064 through M#00069)

**OBJECTION:**

    Miltope objects that these documents are irrelevant to the plaintiff's claims and the defendant's defenses. Introducing these documents when the plaintiff's performance is not at issue will cause unnecessary delay and jury confusion. Miltope is willing to stipulate to the plaintiff's pay at the time his employment ended.

14.    Rate and Termination changes of 11/11/2003 (M#00053)

**OBJECTION:**

    Miltope objects to this exhibit to the extent any part of it is inadmissible under Fed. R. Evid. 401-04, 801, or 802.

15.    Letter from Miltope January 29, 2001 (M#00070)

**OBJECTION:**

    Miltope objects to this exhibit to the extent any part of it is inadmissible under Fed. R. Evid. 401-04, 801, or 802.

16. Letter from Miltope November 13, 2003 (M#00094 and 95)

**OBJECTION:**

    Miltope objects to this exhibit to the extent any part of it is inadmissible under Fed. R. Evid. 401-04, 801, or 802.

17. E-Mail from Brian Burkhead to Dee Colter of December 2, 2003

**OBJECTION:**

    Miltope objects to this exhibit to the extent any part of it is inadmissible under Fed. R. Evid. 401-04, 801, or 802.

18. Russell Medical Center Lab report of 7/16/2003, run time 0734

**OBJECTION:**

    Miltope objects to this exhibit to the extent any part of it is inadmissible under Fed. R. Evid. 401-04, 602, 702, 801 or 802. Moreover, Miltope objects to the extent this document being used as a means of admitting expert testimony because no health care provider from Russell Medical Center Lab has been identified pursuant to Federal Rule of Civil Procedure 26(a)(2).

19  All pleadings to the litigation.

**OBJECTION:**

    Miltope objects to any pleading being admitted as evidence to the extent the pleading contains allegations inconsistent with the testimony presented at trial and to the extent any pleading would be potentially misleading or confusing to the jury with respect to the Court's instructions as to the claims at issue and the law applicable to those claims. Miltope also objects to the extent any pleading contains

5

inadmissible hearsay and to the extent that admitting a pleading would be unduly prejudicial to Miltope or would be inconsistent with Fed. R. Evid 401-04, 602, 701-702, 801-02.

20. All documents and/or responses produced by the Defendant.

**OBJECTION:**

Miltope objects in that specific documents should be identified as exhibits in order for the plaintiff's exhibit list to be "an appropriate identification of each document or other exhibit, including summaries of other evidence." Fed. R. Civ. Proc. 26(a)(3)(C). The scope of discovery is broader than that of admissibility; accordingly, that Miltope produced a document does not mean that Miltope would have no objection to its being admitted at trial. Without further specificity, Miltope is unable to object in a more detailed manner; to avoid waiver, Miltope objects that the documents that could be intended by the plaintiff may be objectionable based on Fed. R. Evid 401-04, 602, 701-702, 801-02, and 901-02.

21. Any and all deposition testimony and other exhibits necessary for impeachment or rebuttal.

**OBJECTION:**

Miltope objects to the extent any evidence offered for impeachment or rebuttal is inadmissible under Fed. R. Evid. 401-04, 602, 701-02, 801-02, and 901-02.

Dated this 16th day of January, 2007

                        Respectfully submitted,

                        *s/ Heather F. Lindsay*
                        Heather F. Lindsay (ASB-0629-D64H)
                        Johnston Barton Proctor & Rose LLP
                        2900 AmSouth/Harbert Plaza
                        1901 Sixth Avenue North
                        Birmingham, Alabama 35203
                        Telephone: (205) 458-9400

        Fax:  (205) 458-9500
        E-Mail:  hfl@johnstonbarton.com
        One of the Attorneys for Defendant
        Miltope Corporation

## **CERTIFICATE OF SERVICE**

  I hereby certify that on January 16th, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Derrick Blythe, Esq.
126 Marshall Street
Alexander City, Alabama 35010


I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:

None

              *s/ Heather F. Lindsay*
              Heather F. Lindsay (ASB-0629-D64H)
              Johnston Barton Proctor & Rose LLP
              2900 AmSouth/Harbert Plaza
              1901 Sixth Avenue North
              Birmingham, Alabama 35203
              Telephone: (205) 458-9400
              Fax: (205) 458-9500
              E-Mail: hfl@johnstonbarton.com
              One of the Attorneys for Defendant
              Miltope Corporation

W0587008.DOC