# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

| | | |
|---|---|---|
| **PATRICK BAILEY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No.: 2:05-cv-1061-MEF-TFM** |
| | ) | |
| **MILTOPE CORPORATION,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## DEFENDANT MILTOPE CORPORATION'S
## REVISED[1] PROPOSED JURY INSTRUCTIONS

Defendant Miltope Corporation ("Miltope") requests that the jury be instructed in accordance with the attached jury instructions.

Respectfully submitted,

s/ Heather F. Lindsay
Heather F. Lindsay (ASB-0629-D64H)
One of the Attorneys for Defendant
Miltope Corporation

**OF COUNSEL:**

**Johnston Barton Proctor & Rose LLP**
2900 AmSouth/Harbert Plaza
1901 Sixth Avenue North

---

[1] In accordance with the Court's order of January 17, 2007, Miltope has revised its proposed jury instructions to include the instruction numbers of proposed instructions drawn from the Eleventh Circuit Pattern Jury Instructions (Civil) and the Eight Circuit Civil Jury Instructions.

Birmingham, Alabama 35203
Telephone:  (205) 458-9400
Fax:  (205) 458-9500
E-Mail:  hfl@johnstonbarton.com

## JURY INSTRUCTION NO. 1

## BURDEN OF PROOF

In this case it is the responsibility of the Plaintiff to prove every essential part of the Plaintiff's claim by a "preponderance of the evidence."  This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the Plaintiff's claim is more likely true than not true.

In deciding whether any fact has been proved by a preponderance of the evidence you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of the Plaintiff's claim by a preponderance of the evidence, you should find for the Defendant as to that claim.

## ANNOTATIONS AND COMMENTS

Eleventh Circuit Pattern Jury Instruction (Civil) No. 6.2 (2005).


Given        _____

Refused        _____

## JURY INSTRUCTION NO. 2

## FAMILY AND MEDICAL LEAVE ACT

In this case the Plaintiff claims that the Defendant violated a federal law known as the Family and Medical Leave Act.  More specifically, the Plaintiff claims that he was entitled to a benefit under the Act which was interfered with or denied by Defendant.  The Defendant denies that it violated the Act in any way and asserts that it terminated the Plaintiff because he failed to call in and report his absences from work for three days in a row.

The Family and Medical Leave Act, or FMLA as it is commonly called, entitles eligible employees to take up to twelve weeks of leave during any twelve-month period for the care of a parent who has a serious health condition and further gives the employee the right following leave either to be restored by the employer to the position held when leave began, or to be given an equivalent position.  The Act does not require the employer to pay the employee while on FMLA leave.

In order to prevail on this claim, the Plaintiff must prove each of the following facts by a preponderance of the evidence:

First:     That the Plaintiff's father suffered from a "serious health condition," as hereafter defined;

Second:     That the plaintiff was an "eligible employee," as hereafter defined;

Third:     That the Plaintiff gave Defendant the proper "notice" of the need to be absent from work, as hereafter defined; and

4

<u>Fourth</u>:        That the Plaintiff was entitled to a benefit denied by Defendant.

## **ANNOTATIONS AND COMMENTS**

Eleventh Circuit Pattern Jury Instruction (Civil) No. 1.8.1 (2005).


Given        _____


Refused        _____

## JURY INSTRUCTION NO. 3

## FMLA – "Serious Health Condition"

Definition of Serious Health Condition

The first fact that the Plaintiff must prove by a preponderance of the evidence is that his father suffered from a serious health condition.  For purposes of the FMLA, a "serious health condition" entitling an employee to FMLA leave means an illness, injury, impairment, or physical or mental condition that involves:

*Continuing treatment* by a health care provider. A serious health condition involving continuing treatment by a health care provider includes any one or more of the following:

A period of *incapacity* (*i.e.*, inability to work, attend school or perform other regular daily activities due to the serious health condition, treatment therefor, or recovery therefrom) of more than three consecutive calendar days, and any subsequent treatment or period of incapacity relating to the same condition, that also involves:

Treatment two or more times by a health care provider, by a nurse or physician's assistant under direct supervision of a health care provider, or by a provider of health care services (*e.g.*, physical therapist) under orders of, or on referral by, a health care provider; or

Treatment by a health care provider on at least one occasion which results in a regimen of continuing treatment under the supervision of the health care provider.

## ANNOTATIONS AND COMMENTS

Hurlbert v. St. Mary's Health Care Sys., Inc., 439 F.3d 1286, 1294 (11th Cir. 2006).

Given        _____

Refused      _____

## JURY INSTRUCTION NO. 4

## FMLA – "NEEDED TO CARE FOR"

Definition of Needed to Care for

An employee is "needed to care for" a parent with a serious health condition (as defined in Instruction No. 3) when the parent is unable to care for his or her own basic medical, hygienic or nutritional needs or safety; or is unable to transport himself or herself to the doctor.

## ANNOTATIONS AND COMMENTS

Eighth Circuit Civil Jury Instruction No. 5.83A (2001); 29 C.F.R. § 825.116(a)-(b).


Given        _____

Refused      _____

## JURY INSTRUCTION NO. 5

## FMLA – "ELIGIBLE EMPLOYEE"

Definition of Eligible Employee

The next fact that the Plaintiff must prove by a preponderance of the evidence is that he is an "eligible employee." To be an eligible employee, the Plaintiff must have been employed with the Defendant for a total of at least twelve months on the date on which any FMLA leave was to begin and must have been employed for at least 1,250 hours of service with the Defendant during the previous twelve month period.

## ANNOTATIONS AND COMMENTS

Eleventh Circuit Pattern Jury Instruction (Civil) No. 1.8.1 (2005).

Given          _____

Refused        _____

## JURY INSTRUCTION NO. 6

## FMLA – "NOTICE" – LEAVE FORESEEABLE

Definition of "Notice" – Leave Foreseeable

The next fact that the Plaintiff must prove by a preponderance of the evidence is that he gave Defendant proper notice. The phrase "proper notice" as used in these instructions means that he must have notified Defendant of his need for leave at least 30 days before the leave was to begin. The Plaintiff was required to provide at least verbal notice sufficient to make Defendant aware that the Plaintiff needed FMLA-qualifying leave, and the anticipated timing and duration of the leave. The Plaintiff was not required to expressly assert rights under the FMLA or even mention the FMLA.

If the Plaintiff failed to give 30 days notice with no reasonable excuse for the delay, Defendant would be permitted to delay the taking of FMLA leave until at least 30 days after the date the Plaintiff provided notice to Defendant of the need for FMLA leave.

If 30 days notice is not practicable, such as because of a lack of knowledge of approximately when leave will be required to begin, a change in circumstances, or a medical emergency, notice must be given as soon as practicable. "As soon as practicable" means as soon as both possible and practical, taking into account all of the facts and circumstances in the individual case.

The Defendant was permitted to require the Plaintiff to comply with its usual and customary notice and procedural requirements for requesting leave. For example, the Defendant could require that written notice set forth the reasons for the requested leave, the anticipated duration of the leave, and the anticipated start of the leave. However, failure to follow such internal procedures would not permit the Defendant to disallow or delay the Plaintiff's taking FMLA leave if the Plaintiff gave timely verbal or other notice.

The Defendant was allowed to require that the Plaintiff's leave request be supported by a certification issued by the health care provider of the Plaintiff's father. The Defendant had a duty to give written notice that such medical certification was required. The Defendant's oral request to the Plaintiff to furnish any subsequent medical certification would be sufficient. If the Defendant appropriately requested medical certification, and if the Plaintiff failed to provide timely certification, then the Defendant would have been entitled to delay the Plaintiff's taking of FMLA leave until the required certification was provided. Certification would be sufficient if it stated: (1) the date on which the serious health condition commenced; (2) the probable duration of the condition; (3) the appropriate medical facts within the knowledge of the health care provider regarding the condition; and (4) a statement that the Plaintiff was needed to care

for his father and an estimate of the amount of time that the Plaintiff would be needed to care for his father.

## **ANNOTATIONS AND COMMENTS**

Adapted from Eleventh Circuit Pattern Jury Instruction (Civil) No. 1.8.1 (2005); 29 U.S.C. §§ 2612(e)(1), 2613(b); 29 C.F.R. §§ 825.302(a)-(d), 304(b), 305(a), 311(a).

Given        _____

Refused      _____

## JURY INSTRUCTION NO. 7

## FMLA - INTERFERENCE

Finally, the Plaintiff must prove by a preponderance of the evidence that the Defendant interfered with, restrained, or denied the exercise of or the attempt to exercise, any right provided under the FMLA.  You should be mindful, however, that an employer may discharge or otherwise adversely affect an employee for any reason, good or bad, fair or unfair, so long it does not interfere with any FMLA right, and you must not second guess that decision or permit any sympathy for the Plaintiff to lead you to substitute your own judgment for that of the Defendant even though you personally may not approve of the action taken and would have acted differently under the circumstances.

## ANNOTATIONS AND COMMENTS

Adapted from Eleventh Circuit Pattern Jury Instruction (Civil) No. 1.8.1 (2005); 29 U.S.C. §§ 2615(A)(1).

Given        _____

Refused      _____

## JURY INSTRUCTION NO. 8

## FMLA

## TERMINATION – FAILURE TO FOLLOW CALL-IN POLICY

An employer may terminate an employee for failure to follow a "no-call, no-show" policy even though that employee may otherwise qualify for FMLA leave. The FMLA does not "authorize employees on leave to keep their employers in the dark about when they will return."

## ANNOTATIONS AND COMMENTS

Lewis v. Holsum of Fort Wayne, Inc., 278 F.3d 706, 709-710 (7th Cir. 2002) (holding that employee could be fired for failing to follow customary call-in policy while taking FMLA leave because she offered no explanation why she could not have called in to report her absences).

Given        _____

Refused        _____

## JURY INSTRUCTION NO. 9

## FMLA

## EXCEPTION TO JOB RESTORATION

Your verdict must be for the defendant if it has been proved by a preponderance of the evidence that plaintiff would not have been employed by the defendant at the time job reinstatement would have been requested.

## ANNOTATIONS AND COMMENTS

Eighth Circuit Civil Jury Instruction No. 5.84A (2001).

## JURY INSTRUCTION NO. 10

## FMLA - DAMAGES

If you find in favor of the Plaintiff and against the Defendant with regard to each of the above issues, you must then decide the issue of Plaintiff's damages.

If the Plaintiff has proven by a preponderance of the evidence that he lost pay or benefits because of the Defendant's alleged violation of the FMLA, then the Plaintiff may recover damages in an amount equal to the net pay or benefits shown by the evidence to have been lost from the time of implementation of Defendant's employment decision which violated the FMLA until the date of your verdict.

If the Plaintiff has not directly lost pay or other employment benefits as a result of Defendant's alleged wrong, he may recover any other actual monetary loss sustained as a direct result of the Defendant's actions, but the total of any such recovery cannot be greater than twelve weeks of Plaintiff's wages or salary.

Plaintiff may recover either lost wages and benefits or other expenses sustained due to the Defendant's actions but not both.

## ANNOTATIONS AND COMMENTS

Eleventh Circuit Pattern Jury Instruction (Civil) No. 1.8.1 (2005).

Given        _____

Refused        _____

## JURY INSTRUCTION NO. 11

## FMLA – DAMAGES - MITIGATION

You are instructed that any person who claims damages as a result of an alleged wrongful act on the part of another has a duty under the law to "mitigate" those damages - - that is, to take advantage of any reasonable opportunity that may have existed under the circumstances to reduce or minimize the loss or damage.

For example, with regard to the Plaintiff's claim for lost pay, if you should find from a preponderance of the evidence that the Plaintiff failed to seek out or take advantage of a business or employment opportunity that was reasonably available under all the circumstances shown by the evidence, then you should reduce the amount of the Plaintiff's lost pay by the amount that could have been reasonably realized if the Plaintiff had taken advantage of such opportunity.

## ANNOTATIONS AND COMMENTS

Eleventh Circuit Pattern Jury Instruction (Civil) No. 1.8.1 (2005).


Given       _____

Refused     _____

17

## JURY INSTRUCTION NO. 12

## FMLA – LIQUIDATED DAMAGES

Under the FMLA an employee's compensatory damages will be doubled by the court as liquidated damages unless the employer can prove that it acted in good faith and had reasonable grounds to believe that its conduct was not in violation of the FMLA. Therefore, under the circumstances presented, you must determine if the employer has satisfied you by a preponderance of the evidence that it acted in good faith and had reasonable grounds to believe that its conduct was not in violation of the FMLA.

## ANNOTATIONS AND COMMENTS

Eleventh Circuit Pattern Jury Instructions, Comments to Instruction No. 1.8.1 (2005).

Given        _____

Refused      _____

## JURY INSTRUCTION NO. 13

## CONSIDERATION OF THE EVIDENCE

## DUTY TO FOLLOW INSTRUCTIONS

In deciding the case you must follow and apply all of the law as I explain it to you, whether you agree with that law or not; and you must not let your decision be influenced in any way by sympathy, or by prejudice, for or against anyone.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for any of the acts and statements of its employees that are made within the scope of their duties as employees of the company.

In your deliberations you should consider only the evidence – that is, the testimony of the witnesses and the exhibits I have admitted in the record – but as you consider the evidence, both direct and circumstantial, you may make deductions and reach conclusions which reason and common sense lead you to make. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law

makes no distinction between the weight you may give to either direct or circumstantial evidence.

Remember that anything the lawyers say is not evidence in the case. And, except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your decision concerning the facts. It is your own recollection and interpretation of the evidence that controls.

## ANNOTATIONS AND COMMENTS

Eleventh Circuit Pattern Jury Instruction (Civil) No. 2.2 (2005).

Given          _____

Refused          _____

## JURY INSTRUCTION NO. 14

## CREDIBILITY OF WITNESSES

Now, in saying that you must consider all of the evidence, I do not mean that you must accept all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case?  Did the witness seem to have a good memory?  Did the witness have the opportunity and ability to observe accurately the things he or she testified about?  Did the witness appear to understand the questions clearly and answer them directly?  Did the witness' testimony differ from other testimony or other evidence?

## ANNOTATIONS AND COMMENTS

Eleventh Circuit Pattern Jury Instruction (Civil) No. 3 (2005).

Given        _____

Refused        _____

## JURY INSTRUCTION NO. 15

## IMPEACHMENT OF WITNESSES - INCONSISTENT STATEMENT

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

## ANNOTATIONS AND COMMENTS

Eleventh Circuit Pattern Jury Instruction (Civil) No. 4.1 (2005).

Given        _____

Refused      _____

22

## JURY INSTRUCTION NO. 16

## DUTY TO DELIBERATE

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Any verdict you reach in the jury room must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember that in a very real way you are judges - - judges of the facts. Your only interest is to seek the truth from the evidence in the case.

## ANNOTATIONS AND COMMENTS

Eleventh Circuit Pattern Jury Instruction (Civil) No. 7.1 (2005).

Given        _____

Refused        _____

## JURY INSTRUCTION NO. 17

## ELECTION OF FOREPERSON

## EXPLANATION OF VERDICT FORM

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court.

A form of verdict has been prepared for your convenience.

[Explain verdict form]

You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.

## **ANNOTATIONS AND COMMENTS**

Eleventh Circuit Pattern Jury Instruction (Civil) No. 8 (2005).


Given        _____

Refused      _____

# SPECIAL INTERROGATORIES
## TO THE JURY

(taken from Eleventh Circuit Pattern Jury Instruction (Civil) No. 1.8.1, Comments

to Instruction No. 1.8.1)

**Do you find from a preponderance of the evidence:**

1.    That the Plaintiff's father suffered from a "serious health condition,"

as defined in the Court's instructions?

     Answer Yes or No          _____

2.    That the Plaintiff was an "eligible employee," as defined in the

Court's instructions?

     Answer Yes or No          _____

3.    That the Plaintiff gave Defendant the proper "notice" of the need to be

absent from work, as defined in the Court's instructions?

     Answer Yes or No          _____

4.    That the Plaintiff was entitled to a benefit denied by Defendant?

     Answer Yes or No          _____

**[Note: If you answered No to any of the preceding questions, you need not**

**answer any of the remaining questions.]**

5.    That the Plaintiff should be awarded damages to compensate for loss

of wages and benefits to the date of trial?

     Answer Yes or No          _____

If your answer is Yes,

in what amount?                                    $_____

6.      That the Plaintiff should be awarded damages for actual monetary losses sustained as a direct result of Defendant's action?

Answer Yes or No                        _____

If your answer is Yes,

in what amount?                                    $_____

7.      That the Defendant acted in good faith and had reasonable grounds to believe that its conduct was not a violation of the FMLA.

Answer Yes or No                        _____


SO SAY WE ALL.


                                        _____
                                        Foreperson

                        DATED:          _____

28

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 22nd, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Derrick Blythe, Esq.
126 Marshall Street
Alexander City, Alabama 35010


I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:


None

*s/ Heather F. Lindsay*
Heather F. Lindsay (ASB-0629-D64H)
Johnston Barton Proctor & Rose LLP
2900 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203
Telephone:  (205) 458-9400
Fax:  (205) 458-9500
E-Mail:  hfl@johnstonbarton.com
One of the Attorneys for Defendant
Miltope Corporation
